IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EARTHY, LLC, ) | |
| Plaintiff, ) | |
| v. ) | Case No.: |
| ) | |
| BB&HC, LLC, ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |
| ) | |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND RELIEF PURSUANT TO 15 U.S.C. § 1125**

Plaintiff Earthy, LLC ("Earthy"), by its attorneys, complains of Defendant BB&HC, LLC ("BB&HC") as follows:

**NATURE OF THE ACTION**

1. Plaintiff Earthy seeks declaratory judgment of non-infringement of alleged trademark rights asserted against Earthy by Defendant BB&HC. Earthy further seeks declaratory judgment that any alleged trademark rights asserted by BB&HC are invalid and unenforceable.

2. BB&HC has asserted that Earthy is infringing BB&HC's alleged trademark rights by selling its E EARTHY (earthy) line of products. Earthy denies that it has infringed any alleged trademark rights of BB&HC. BB&HC has demanded that Earthy stop the sale of foods sold under the earthy trademark, and abandon its pending federal application for that mark.

1

## THE PARTIES

3. Plaintiff Earthy is a limited liability company organized under the laws of the State of Illinois, and has a principal place of business at 44 Green Bay Road, Winnetka, Illinois 60093.

4. Defendant BB&HC is, on information and belief, a limited liability company organized and existing under the laws of the State of Michigan. BB&HC, on information and belief, has a place of business at 6168 Tamarack Cove, Maple City, Michigan, and/or at 2871 Jolly Road, Okemos, Michigan.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Trademark Act"); (ii) 15 U.S.C. § 1125, *et seq.* (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Defendant BB&HC is subject to the personal jurisdiction of this Court because the Defendant's false assertions of infringement of the alleged trademark were directed to the Plaintiff in the State of Illinois. Defendant BB&HC has also sold its products, including its EARTHY DELIGHTS products that are at the core of this dispute, through retail stores in the State of Illinois and in this Judicial District, and directly to Illinois consumers through internet sales. BB&HC is thus also subject to personal jurisdiction of this Court under the Illinois long arm statute, 735 ILCS 5/2-209 (a)(1). Thus, this Court has both general and specific personal jurisdiction over BB&HC.

7.      Venue of this action is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(1) and (2) because BB&HC is subject to the personal jurisdiction of this Court in this Judicial District, and thus qualifies as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2).  In addition, a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the Northern District of Illinois, including Plaintiff Earthy's decision to adopt the trademark accused of infringement, and Plaintiff's marketing and sales activities directed to the products sold under the *earthy* trademark accused of infringement.

## FACTUAL BACKGROUND—THE TRADEMARKS AT ISSUE

8.      Plaintiff re-avers and re-states the foregoing Paragraphs 1-7 inclusively as if fully set forth herein.

9.      Earthy is an Illinois business with a principal place of business at 44 Green Bay Road, Winnetka, Illinois.  Earthy sells household cleaning products, skin care products, and certified organic foods under its federally registered trademark registration for *earthy*, and under a pending trademark application for *earthy*.  A copy of the record of Plaintiff Earthy's US Registration No. 4,664,428 for *earthy* for household cleaning preparations and skin care products is attached as Exhibit A.  A copy of Plaintiff Earthy's pending and allowed United States Trademark Application Serial No. 86/590,689 for *earthy* for organic olive oil and organic honey is attached as Exhibit B.

10.     BB&HC holds itself out as a purveyor of foods.  Such foods are said to be sold under an EARTHY DELIGHTS brand.

3

11. BB&HC alleges that it owns, by assignment, US Registration No. 2,608,911 ("the '911 Registration") for EARTHY DELIGHTS. The sole item listed in the '911 Registration are "Gourmet food items, namely specialty vinegars." A copy of the '911 Registration is attached as Exhibit C.

**DEFENDANT'S ACTS GIVING RISE TO AN ACTUAL CONTROVERSY, AND THE BACKGROUND OF AND EVENTS LEADING TO THE DISPUTE**

12. Plaintiff re-avers and re-states the foregoing Paragraphs 1-11 inclusively as if fully set forth herein.

13. On April 21, 2016, counsel for Defendant BB&HC sent a cease and desist letter to Earthy. A copy of that letter is attached as Exhibit D. In that letter, BB&HC alleged that Earthy's use of the ![earthy logo] trademark on organic olive oil and organic honey "constitutes trademark infringement." In that letter, BB&HC demanded that Earthy immediately stop "its trademark infringement of BB&HC's marks…abandon (its) trademark application with the (U.S. Patent and Trademark Office; and) provide an accounting of all revenue received through (Earthy's) sale of products bearing the (![earthy logo] mark)."

14. On April 26, 2016, Plaintiff Earthy responded to BB&HC's demand letter of April 21, 2016. A copy of the April 26, 2016, responsive letter is attached as Exhibit E. In that letter, Earthy denied infringement, and provided detailed reasons for that denial.

15. In that responsive letter, Earthy noted that at most, BB&HC has rights in the complete mark, EARTHY DELIGHTS; that BB&HC had no right to exclude all others from using

EARTHY on foods; and that the ![earthy] mark of Earthy was not confusingly similar to BB&HC's alleged trademark for EARTHY DELIGHTS.

16. In that responsive letter, Earthy further noted that for the followings reasons and others, BB&HC has no right to exclude—as it is here attempting—other purveyors of food from using the EARTHY portion of the '911 Registration.

## The US Trademark Office Has Found that No Individual Entity Has Exclusive Rights Over the EARTHY Formative for Foods

17. The United States trademark application that led to the '911 Registration was filed on October 23, 2000.

18. After its filing, a federal trademark application is assigned to an Examiner in the United States Patent and Trademark Office ("USPTO").

19. The Examiner searches the records of prior trademark registrations.

20. If the Examiner determines that the later-filed application would cause likely consumer confusion with an earlier-issued registration, then that application is refused in view of the earlier-issued registration.

21. On the October 23, 2000, date of the filing of the EARTHY DELIGHTS application, and during the entire pendency of the EARTHY DELIGHTS trademark examination process in the USPTO, a prior registration using the EARTHY formative had already been issued.

22. That prior registration, which issued in 1998, was U.S. Trademark Registration No. 2,154,844, for EARTHY SQUARE for "ready to eat grain-based food bars." A copy of the record of that Registration is attached as Exhibit F.

23. Despite the existence of the prior EARTHY SQUARE registration for foods, the USPTO issued the '911 Registration for EARTHY DELIGHTS for "specialty vinegars."

24. The co-existence of these two registrations established that in the view of the USPTO, no single entity had exclusive rights in the word EARTHY alone for foods.

**The EARTHY Formative is Used as a Trademark by Other Entities on Foods**

25. Since the issuance of the '911 Registration, other entities have applied for federal trademark registrations using the EARTHY formative with foods, or used EARTHY as a part of their common law (unregistered) marks for foods.

26. For example, three trademark applications for DR. EARTHY are currently pending in the USPTO, for various kinds of foods. The goods covered by these three applications are (i) fresh nuts, raw nuts, and unprocessed nuts; (ii) masala powder and spices; and (iii) dried fruit and vegetables. These three applications have all been examined by U.S. Trademark Examiners. None of them have been refused registration over BB&HC's EARTHY DELIGHTS trademark registration.

27. In addition, based upon a brief search, at least two other entities are using the EARTHY formative on foods. The marks include EARTHY CRUNCHY for granola (see attached Exhibit G) and EARTHY CREATIONS for dried fruits and snacks (see attached Exhibit H).

28. This is evidence that in the view of both the USPTO and other entities competing in the marketplace, BB&HC has no right to exclude all others from using the EARTHY formative alone on foods.

**The U.S. Trademark Office Has Allowed the Application of Plaintiff Earthy, LLC for ℮ Despite the Prior Registration of EARTHY DELIGHTS**

29. Plaintiff Earthy, LLC has applied for federal registration of its ℮ trademark for organic olive oil and organic honey.

30. The Examining Attorney in the USPTO responsible for the examination of the ℮ application allowed this mark, and approved of its registration, notwithstanding the existence of the prior EARTHY DELIGHTS '911 Registration.

31. This is evidence that in the view of the USPTO, Plaintiff's use of the ℮ mark will not result in consumer confusion with the BB&HC registration for EARTHY DELIGHTS.

**BB&HC's Response to Plaintiff Earthy's Letter of April 26, 2016**

32. Despite these and many other stated reasons for the non-infringement of the EARTHY DELIGHTS mark by Plaintiff's ℮ mark, counsel for BB&HC sent a final demand letter to Plaintiff Earthy, LLC on April 28, 2016, a copy of which is attached as Exhibit I.

33. In that April 28 letter, BB&HC renewed its April 21 demands, made new demands, and threatened additional legal actions. These demands included that Earthy, LLC stop the use of its ℮ mark on foods and withdraw its allowed and approved trademark application for ℮ for olive oil and honey.

34. BB&HC gave Earthy until "the close of business on Wednesday, May 4, 2016" to comply with all of its demands.

35. BB&HC stated that if its demands were not met by that time and date, then BB&HC would "have no choice but to file a federal trademark infringement and cybersquatting lawsuit against (Earthy, LLC) wherein it will seek statutory damages…as well as its costs and attorneys' fees."

36. In view of these actions by BB&HC, there presently exists a justiciable controversy regarding the Plaintiff's right to make and sell its organic oil and organic honey products under its distinctive and non-infringing ![e earthy] trademark, and regarding its right to a federal registration of the ![e earthy] trademark for olive oil and honey, free of any allegation by BB&HC that such conduct constitutes an infringement of any of its marks.

## FIRST CLAIM FOR RELIEF
**(Unenforceability of Registered and Common Law Trademarks)**

37. Plaintiff re-avers and re-states the foregoing Paragraphs 1-36 inclusively as if fully set forth herein.

38. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Trademark Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of the Plaintiff's product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

39. Plaintiff requests an order declaring that the Defendant's alleged registered trademark for EARTHY DELIGHTS, and/or its common law rights in that trademark, which are being asserted by the Defendant, are invalid and unenforceable.

## SECOND CLAIM FOR RELIEF
### (Non-Infringement of Trademarks)

40. Plaintiff re-avers and re-states the foregoing Paragraphs 1-39 inclusively as if fully set forth herein.

41. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*, the Lanham Act, 15 U.S.C. § 1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and Defendant's demand that Plaintiff Earthy, LLC cease and desist manufacture of the Plaintiff's *earthy* line of product and forbearance of manufacture of other similar products, Plaintiff seeks relief from this Court.

42. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable in money damages or for any other relief for infringing any allegedly enforceable trademark owned by BB&HC relating to the sale of foods, or of any other products, under the Plaintiff's distinctive and non-infringing *earthy* trademark.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a) An order declaring that the '911 Registration, and any other alleged trademark rights asserted by BB&HC, including but not limited to alleged common law rights, are invalid and unenforceable;

(b) An order declaring that Earthy, LLC, and specifically its distinctive and non-infringing ℮earthy mark, does not infringe any valid trademark rights owned by BB&HC for the EARTHY DELIGHTS mark;

(c) An order declaring that BB&HC does not have the right to exclude all other entities from using EARTHY alone on foods, but only the right to exclude other entities from using EARTHY DELIGHTS on foods;

(d) An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Earthy, LLC; and

(e) An order awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Earthy, LLC demands a trial by jury for any and all issues so triable.

Date: May 3, 2016

By: /s/ Daniel N. Christus
Daniel N. Christus
Alex Grabowski
McDermott Will & Emery LLP
227 West Monroe Street, Ste. 4400
Chicago, IL 60606
(312) 984-7689

Attorneys for Plaintiff Earthy, LLC