# Exhibit D

**REVISION/LEGAL**

109 E. Front St., STE 309, Traverse City, MI 49684
855.473.8474 / revisionlegal.com

April 21, 2016

Daniel N. Christus
McDermott Will & Emery LLP

Via email only to: dchristus@mwe.com

**RE: Cease and Desist – E EARTHY**

Mr. Christus:

I represent BB&HC, LLC (hereafter "BB&HC"), a Michigan limited liability company and owner of trademark Registration No. 2608911 for EARTHY DELIGHTS. BB&HC has used this mark in commerce since August of 2000 in connection with gourmet food items.

We have been made aware that your client Earthy LLC, an Illinois limited liability company, has submitted a trademark registration for the [earthy logo] mark in association with organic olive oil and organic honey under Serial No. 86590689 (hereafter "Design Mark").

Your client's use of the Design Mark is likely to cause confusion in the marketplace and therefore constitutes trademark infringement. In the Sixth Circuit, a plaintiff establishes trademark infringement by showing 1) it owns a trademark; 2) that the infringer used the mark in commerce without authorization, and 3) that the use of the alleged infringing trademark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties. *Coach, Inc. v Goodfellow*, 717 F.3d 498, 502 (6th. Cir. 2013).

These elements will be easily met. There can be no reasonable question as to the first two elements. BB&HC own a registered trademark with a priority date fifteen years before your client's use, and the statement of use you recently filed conclusively establishes your clients are using the Design Mark in commerce.

Further, your client's use of the Design Mark will create a likelihood of confusion as to the source and origin of the goods. See *Frisch's Rests., Inc. v Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th. Cir 1982).

Detailed legal analysis is not required to come to the conclusion that consumers will be confused between two sources of gourmet food items because of your client's Design Mark. Without the benefit of formal discovery, at least six of the above elements weight strongly in finding a likelihood of confusion. My client's mark has been in use for over fifteen years, the respective goods are very similar, the Design Mark uses the dominant portion of my client's EARTHLY DELIGHTS mark, the care of the purchasers is low, and there is a high likelihood of expansion. To be frank, I am surprised this application cleared the examining attorney.

My client has been promoting its brand and building its reputation for over fifteen years in the gourmet food industry and will not sit idly by while the Design Mark causes confusion in the marketplace. As a result, my client demands your client:

1. Immediately cease and desist, now and in the future, its trademark infringement of BB&HC marks, whether on the Internet or otherwise;
2. File a notice to abandon the Design Mark's trademark application with the USPTO;
3. Provide an accounting of all revenue received through your sale of products bearing the Design Mark;
4. Confirm in writing your compliance with the above requests.

I look forward to hearing from you. If I do not hear from you by 5:00pm EST on Friday, April 29, 2016, I will assume you are not interested in resolving this matter and will begin formal proceedings.

Do not hesitate to contact me should you have any questions.

Sincerely,

Digitally signed by John Di Giacomo
DN: cn=John Di Giacomo, o=Revision Legal, PLLC, ou, email=john@revisionlegal.com, c=US
Date: 2016.04.21 15:22:13 -04'00'

John Di Giacomo

cc: Client (via e-mail only)