IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EARTHY, LLC, | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No.: 1:16-cv-4934 |
| | ) | |
| BB&HC, LLC, | ) | JURY TRIAL DEMANDED |
|     Defendant. | ) | |
| | ) | |
| | ) | |

### EARTHY, LLC'S ANSWER TO BB&HC'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES

Plaintiff, Earthy, LLC ("Plaintiff"), by and through its counsel, hereby answers Defendant BB&HC's Answer to Plaintiff's Complaint for Declaratory Judgment and Relief, Counterclaim, and Demand for Jury Trial (Doc. No. 18) as follows:

### Parties

1. Plaintiff admits the allegations in paragraph 1 of BB&HC's Counterclaim.

2. Plaintiff admits the allegations in paragraph 2 of BB&HC's Counterclaim.

### Jurisdiction

3. Plaintiff admits the allegations in paragraph 3 of BB&HC's Counterclaim.

4. Plaintiff admits the allegations in paragraph 4 of BB&HC's Counterclaim.

5. Plaintiff admits the allegations in paragraph 5 of BB&HC's Counterclaim.

6. Plaintiff admits the allegations in paragraph 6 of BB&HC's Counterclaim.

**Counter-Plaintiff's Business**

7. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of BB&HC's Counterclaim.

8. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of BB&HC's Counterclaim.

9. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of BB&HC's Counterclaim

10. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of BB&HC's Counterclaim.

11. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of BB&HC's Counterclaim.

12. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of BB&HC's Counterclaim.

13. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of BB&HC's Counterclaim.

14. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of BB&HC's Counterclaim.

**Counter-Plaintiff's Trademark Rights**

15. Plaintiff admits that BB&HC owns a trademark registration for EARTHY DELIGHTS but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of BB&HC's Counterclaim.

16. Plaintiff admits that the registration for EARTHY DELIGHTS is incontestable but denies the registration is valid and lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations in Paragraph 16 of BB&HC's Counterclaim.

17. Plaintiff denies the allegations in paragraph 17 of BB&HC's Counterclaim.

18. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of BB&HC's Counterclaim.

19. Plaintiff denies the allegations in paragraph 19 of BB&HC's Counterclaim.

20. Plaintiff admits that an assignment was recorded in the USPTO on March 14, 2016 but denies the remaining allegations in Paragraph 20 of BB&HC's Counterclaim.

21. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of BB&HC's Counterclaim.

22. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of BB&HC's Counterclaim.

## Discovery of Plaintiff's Business and Infringement

23. Plaintiff admits the allegations in paragraph 23 of BB&HC's Counterclaim.

24. Plaintiff admits the allegations in paragraph 24 of BB&HC's Counterclaim.

25. Plaintiff admits the allegations in paragraph 25 of BB&HC's Counterclaim.

26. Plaintiff admits the allegations in paragraph 26 of BB&HC's Counterclaim.

27. Plaintiff admits that the image shown depicts the specimen Plaintiff submitted to the USPTO in connection with the April 27, 2016 statement of use but denies the remaining allegations in Paragraph 27 of BB&HC's Counterclaim.

28. Plaintiff admits that it filed a trademark application for the character mark EARTHY ORGANIC but denies the remaining allegations in Paragraph 28 of BB&HC's Counterclaim.

29. Plaintiff denies the allegations in paragraph 29 of BB&HC's Counterclaim.

30.    Plaintiff denies the allegations in paragraph 30 of BB&HC's Counterclaim.

31.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of BB&HC's Counterclaim.

32.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of BB&HC's Counterclaim.

33.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of BB&HC's Counterclaim.

34.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of BB&HC's Counterclaim.

35.    Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of BB&HC's Counterclaim.

36.    Plaintiff admits that BB&HC's counsel sent a letter dated April 21, 2016 but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of BB&HC's Counterclaim.

37.    Plaintiff admits the allegations in paragraph 37 of BB&HC's Counterclaim.

38.    Plaintiff admits the allegations in paragraph 38 of BB&HC's Counterclaim.

39.    Plaintiff admits the allegations in paragraph 39 of BB&HC's Counterclaim.

40.    Plaintiff admits the allegations in paragraph 40 of BB&HC's Counterclaim.

## Count I – Trademark Infringement (15 U.S.C. § 1114)

41.    Plaintiff incorporates its responses to the prior paragraphs.

42.    Plaintiff admits that BB&HC owns a registered trademark for EARTHY DELIGHTS but denies that the registration is valid.

43.    Plaintiff admits that the trademark for EARTHY DELIGHTS is incontestable but

denies that the registration is valid.

44. Plaintiff denies the allegations in paragraph 44 of BB&HC's Counterclaim.

45. Plaintiff denies the allegations in paragraph 45 of BB&HC's Counterclaim.

46. Plaintiff denies the allegations in paragraph 46 of BB&HC's Counterclaim.

47. Plaintiff denies the allegations in paragraph 47 of BB&HC's Counterclaim.

48. Plaintiff denies the allegations in paragraph 48 of BB&HC's Counterclaim.

49. Plaintiff denies the allegations in paragraph 49 of BB&HC's Counterclaim.

50. Plaintiff denies the allegations in paragraph 50 of BB&HC's Counterclaim.

51. Plaintiff denies the allegations in paragraph 51 of BB&HC's Counterclaim.

## Count II – False Designation of Origin (15 U.S.C. § 1125(a))

52. Plaintiff incorporates its responses to the prior paragraphs.

53. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of BB&HC's Counterclaim.

54. Plaintiff denies the allegations in paragraph 54 of BB&HC's Counterclaim.

55. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of BB&HC's Counterclaim.

56. Plaintiff denies the allegations in paragraph 56 of BB&HC's Counterclaim.

57. Plaintiff denies the allegations in paragraph 57 of BB&HC's Counterclaim.

58. Plaintiff denies the allegations in paragraph 58 of BB&HC's Counterclaim.

59. Plaintiff denies the allegations in paragraph 59 of BB&HC's Counterclaim.

60. Plaintiff denies that it is using the mark EARTHY DELIGHTS or that any consent is necessary.

61. Plaintiff denies the allegations in paragraph 61 of BB&HC's Counterclaim.

62. Plaintiff denies the allegations in paragraph 62 of BB&HC's Counterclaim.

63. Plaintiff denies the allegations in paragraph 63 of BB&HC's Counterclaim.

64. Plaintiff denies the allegations in paragraph 64 of BB&HC's Counterclaim.

65. Plaintiff denies the allegations in paragraph 65 of BB&HC's Counterclaim.

### Count III – Cybersquatting under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))

66. Plaintiff incorporates its responses to the prior paragraphs.

67. Plaintiff admits that BB&HC owns a registered trademark for EARTHY DELIGHTS but denies that the registration is valid.

68. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of BB&HC's Counterclaim.

69. Plaintiff denies the allegations in paragraph 69 of BB&HC's Counterclaim.

70. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of BB&HC's Counterclaim.

71. Plaintiff denies the allegations in paragraph 71 of BB&HC's Counterclaim.

72. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of BB&HC's Counterclaim.

73. Plaintiff admits the allegations in paragraph 73 of BB&HC's Counterclaim.

74. Plaintiff denies the allegations in paragraph 74 of BB&HC's Counterclaim.

75. Plaintiff denies the allegations in paragraph 75 of BB&HC's Counterclaim.

76. Plaintiff denies the allegations in paragraph 76 of BB&HC's Counterclaim.

77. Plaintiff denies the allegations in paragraph 77 of BB&HC's Counterclaim.

78. Plaintiff denies the allegations in paragraph 78 of BB&HC's Counterclaim.

79. Plaintiff denies the allegations in paragraph 79 of BB&HC's Counterclaim.

80. Plaintiff denies the allegations in paragraph 80 of BB&HC's Counterclaim.

81. Plaintiff denies the allegations in paragraph 81 of BB&HC's Counterclaim.

82. Plaintiff denies the allegations in paragraph 82 of BB&HC's Counterclaim.

83. Plaintiff denies the allegations in paragraph 83 of BB&HC's Counterclaim.

84. Plaintiff denies the allegations in paragraph 84 of BB&HC's Counterclaim.

85. Plaintiff denies the allegations in paragraph 85 of BB&HC's Counterclaim.

## Count IV – Violation of the Illinois Uniform Deceptive Trade Practices Act

86. Plaintiff incorporates its responses to the prior paragraphs.

87. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of BB&HC's Counterclaim.

88. Plaintiff denies the allegations in paragraph 88 of BB&HC's Counterclaim.

89. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of BB&HC's Counterclaim.

90. Plaintiff denies the allegations in paragraph 90 of BB&HC's Counterclaim.

91. Plaintiff denies the allegations in paragraph 91 of BB&HC's Counterclaim.

92. Plaintiff denies the allegations in paragraph 92 of BB&HC's Counterclaim.

93. Plaintiff denies the allegations in paragraph 93 of BB&HC's Counterclaim.

94. Plaintiff denies the allegations in paragraph 94 of BB&HC's Counterclaim.

95. Plaintiff denies the allegations in paragraph 95 of BB&HC's Counterclaim.

96. Plaintiff denies the allegations in paragraph 96 of BB&HC's Counterclaim.

97. Plaintiff denies the allegations in paragraph 97 of BB&HC's Counterclaim.

98. Plaintiff denies the allegations in paragraph 98 of BB&HC's Counterclaim.

99. Plaintiff denies the allegations in paragraph 99 of BB&HC's Counterclaim.

100. Plaintiff denies the allegations in paragraph 100 of BB&HC's Counterclaim.

### Relief

Plaintiff requests that the Court deny BB&HC's request for relief in its entirety, as BB&HC is not entitled to any relief, and enter judgment in favor of Plaintiff. BB&HC should be ordered to reimburse Plaintiff's reasonable fees and costs for defending against its counterclaims under the federal Lanham Act and state law.

### PLAINTIFF'S AFFIRMATIVE DEFENSES TO COUNTERCLAIM

#### First Affirmative Defense

BB&HC's counterclaim fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

BB&HC's counterclaims are barred by laches, estoppel, and waiver, as BB&HC unreasonably delayed in bringing this action and thus prejudiced the rights of Plaintiff.

#### Third Affirmative Defense

BB&HC's counterclaims are barred because the mark at issue was abandoned; thus, Plaintiff requests that the Court order BB&HC's trademark registration for EARTHY DELIGHTS, Registration No. 2608911, to be cancelled.

#### Fourth Affirmative Defense

BB&HC's counterclaims are barred by the doctrine of unclean hands.

Date: June 17, 2016                    By: */s/ Daniel N. Christus*
                                                   Daniel N. Christus
                                                   Alex Grabowski
                                                   McDermott Will & Emery LLP
                                                   227 West Monroe Street, Ste. 4400
                                                   Chicago, IL  60606
                                                   (312) 984-7689

                                                   *Attorneys for Plaintiff Earthy, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 17, 2016. Any other counsel of record will be served by electronic mail and/or first class mail.

*/s/ Daniel N. Christus*
Daniel N. Christus

DM_US 73899725-1.096563.0016