IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Earthy, LLC

                Plaintiff,

v.

BB&HC, LLC,

                Defendant.
_____/

Civil Action No. 1:16-cv-04934

| | |
|---|---|
| Daniel N. Christus | John Di Giacomo |
| Alex Grabowski | Eric Misterovich |
| McDERMOTT WILL & EMERY LLP | REVISION LEGAL, PLLC |
| 227 West Monroe Street, Ste. 4400 | 109 E. Front St. |
| Chicago, IL 60606 | Suite 309 |
| (312) 984-7689 | Traverse City, MI 49684 |
| | P: 231.714.0100 |
| John J. Dabney | F: 231.714.0200 |
| Alison L. Nadel | john@revisionlegal.com |
| McDERMOTT WILL & EMERY LLP | eric@revisionlegal.com |
| 500 North Capitol St., N.W. | |
| Washington, D.C. 20001 | Robert F. Huff, Jr. |
| (202) 756-8000 | ZwillGen PLLC |
| | 300 N. LaSalle St., Ste. 4925 |
| *Attorneys for Plaintiff* | Chicago, IL 60654 |
| | (312) 685-2278 |
| | |
| | *Attorneys for Defendant* |

_____/

**REPORT OF PARTIES' PLANNING MEETING**

NOW COME the parties, by and through their respective counsel, and for their Report of Parties' Planning Meeting state as follows:

1.    <u>Meeting</u>. Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 8, 2016 via telephone conference and was attended by John Dabney on behalf of Plaintiff Earthy, LLC and John Di Giacomo on behalf of Defendant BB&HC, LLC.

1

2. <u>Pretrial Schedule</u>. The parties jointly propose to the court the following discovery plan:

    a. Plaintiff(s) to amend pleadings by **September 12, 2016**.

    b. Plaintiff(s) to add any additional parties by **September 12, 2016**.

    c. Defendant(s) to amend pleadings by **September 12, 2016**.

    d. Defendant(s) to add any additional parties by **September 12, 2016**.

3. <u>Discovery</u>.

    a. Discovery will be needed on the following subjects: (a) the parties' creation and use of their respective marks; (b) the parties' respective goods; (c) the parties' respective trade channels; (d) the parties' respective advertising and marketing; (e) the parties' respective sales efforts; (f) the parties' ownership structure; (g) third party use and registration of similar marks; and (g) any other areas identified through discovery.

    b. Disclosures pursuant to Pursuant to Federal Rule of Civil Procedure 26(a)(1) were made on or before **July 15, 2016**.

    c. Fact discovery to be commenced in time to be completed by **October 14, 2016**.

    d. The parties expect they will each need approximately (10) depositions, not including expert depositions.

    e. Third party subpoenas shall be served on all opposing counsel the same day that they are served on the third party. All documents produced by the third-party in response to the subpoena shall be immediately produced by the requesting party to all of the other parties in this case, without the requirement

       of being asked for such documents.

          i. A subpoena is not required to seek discovery from Earthy Delights, Inc. Counsel for BB&HC will accept service of written discovery and deposition notices directed towards Earthy Delights, Inc.

  f. Deadline for Completion of Expert Discovery:

          i. On or before **November 4, 2016**, counsel for each party with the burden of proof on an issue shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report.

         ii. On or before **November 21, 2016**, counsel for each party receiving an expert report referenced in the preceding paragraph shall serve upon counsel for every other party any rebuttal report with the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B).

         iii. All expert discovery to be completed by **December 14, 2016**.

  g. All dispositive motions and *Daubert* motions should be filed by **February 17, 2017**.

  h. Pre-trial deadlines.

          i. Motions in limine shall be filed by **March 10, 2017**.

         ii. A proposed draft of the joint pre-trial order shall be prepared by Plaintiff by **March 10, 2017** and shall include each party's exhibit list, witness list, deposition designations, proposed jury instructions, and proposed verdict form.

         iii. Responses to motions in limine shall be filed by **March 24, 2017**.

        There shall be no replies.

        iv. The final joint pre-trial order shall be filed **April 7, 2017**.

    i. The case should be ready for trial by **April 21, 2017** and at this time is expected to take approximately three (3) days.

4. Settlement. At least 14 days prior to the October 19, 2016 hearing, plaintiff(s) is directed to make a written settlement demand to the defendant(s). At least 7 days prior to the scheduling conference defendant(s) is to respond in writing to the plaintiff(s) settlement demand.

5. Service. Whenever possible, service shall be by email. Notwithstanding Federal Rule of Civil Procedure 6(d), service of a document by email or CM/ECF constitutes service by hand for purposes of computation of time.

6. Jurisdiction or Venue. The parties do not contemplate any challenges to jurisdiction or venue.

7. Pending Motions. No motions are pending.

8. Motions Contemplated. The parties expect to file cross motions for summary judgment at the close of discovery.

9. Protective Order. The parties agree to meet and confer regarding a protective order based on the Northern District of Illinois Model Confidentiality Order. The parties will submit any agreements or disagreements to the Court with a status report and a proposed Protective Order.

10. Prospects for Settlement. The parties have discussed settlement and settlement negotiations are ongoing.

11. Possible Limitations on Document Preservation (including electronically stored

information). The parties agree that no limitations are necessary. The parties agree that they will produce electronically stored information in single-page TIFF format with a unique Bates number for each page with metadata intact, except that responsive spreadsheets, database, and other files that cannot be imaged or that are not practical to image will be produced in native form with unique Bates numbers associated with the native documents. The Parties shall maintain original native copies of all electronically produced documents. All other production of information and documents is subject to Fed. R. Civ. P. 34.

12. Claims of Privilege or Work-Product. The parties have agreed that assertions of claims of privilege or work product immunity may be asserted after production. In the event privileged or work-product materials have been inadvertently produced, the producing party will notify the receiving party of its claim of privilege or work-product promptly upon discovery of the inadvertent production. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged Material in this proceeding shall not constitute a waiver of any applicable privilege, protection or prohibition from disclosure of that Privileged Material in any other federal or state proceeding. The parties have agreed that neither party will be required to produce a privilege log for privileged communications exchanged after May 3, 2016. Additionally, the parties need not log documents withheld from discovery on the basis of the attorney-client privilege or the work product doctrine that (i) were exchanged between any attorney at a law firm that has appeared in this date and that attorney's client, and (ii) did not include any party other than the attorney and that attorney's client.

13. Objections during Depositions. At depositions, all objections other than

objections to form are preserved, including any objection at a Rule 30(b)(6) deposition that a given question falls outside the scope of the noticed topics. Objections to form should be stated without explanation or elaboration (e.g., "Object to Form" or "Objection; form") unless an explanation is requested by counsel. With regard to Rule 30(b)(6) depositions, the party who is to be deposed shall identify the individual(s) who are being designated on each topic three days before the date of the deposition.

14. Parties are excused from the requirements of Federal Rule of Civil Procedure 26(a)(3) as those requirements are duplicative of the procedures set forth in this Order.

15. An expert's draft reports, draft declarations, and notes created by or for an expert in connection with the preparation of his/her expert report or declaration shall not be discoverable and need not be preserved unless the expert relies upon such drafts and/or notes and such reliance is made explicit in the expert's report, declaration, or testimony. Communications, including notes reflecting communications, between an expert and an attorney who has retained the expert will not be discoverable and need not be preserved unless the expert relies upon such communications, and such reliance is made explicit in the expert's report, declaration or testimony. Nothing in the preceding sentences will preclude opposing counsel from obtaining any facts or data that a testifying expert is relying on in forming his opinion, including that coming from counsel, or from otherwise inquiring fully of a testifying expert into what facts or data the expert considered, whether the expert considered alternative approaches, or into the validity of the expert's opinions.

16. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other

materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case.

17. Consent. Parties do not consent unanimously to proceed before a Magistrate Judge.

Date: July 22, 2016

*/s/ Eric Misterovich*
Eric Misterovich
Revision Legal, PLLC
109 E. Front St.
Suite 309
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
Email: eric@revisionlegal.com
*Attorneys for Defendant BB&HC, LLC*

*/s/ John Dabney*
John J. Dabney
McDermott Will & Emery, LLP
500 North Capitol Street, NW
Washington, DC 20001
Phone: (202) 756-8343
Fax: (202) 756-8087
Email: jdabney@mwe.com
*Attorneys for Plaintiff Earthy, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 22, 2016. Any other counsel of record will be served by electronic mail and/or first class mail.

*/s/ John Dabney*
John Dabney