**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Earthy, LLC

                                                    Civil Action No. 1:16-cv-04934

                         Plaintiff,

v.

BB&HC, LLC,

                         Defendant.

_____/

| | |
|---|---|
| Daniel N. Christus | John Di Giacomo |
| Alex Grabowski | Revision Legal, PLLC |
| MCDERMOTT WILL & EMERY LLP | 109 E. Front St. |
| 227 West Monroe Street, Ste. 4400 | Suite 309 |
| Chicago, IL 60606 | Traverse City, MI 49684 |
| (312) 984-7689 | (231) 714.0100 |
| dchristus@mwe.com | john@revisionlegal.com |
| | |
| *Attorneys for Plaintiff* | Robert F. Huff, Jr. |
| | Zwillgen, PLLC |
| | 300 N. LaSalle St. |
| | 49th Floor |
| | Chicago, IL 60654 |
| | (312) 685.2278 |
| | bart@zwillgen.com |
| | |
| | *Attorneys for Defendant* |

_____/

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY
JUDGMENT AND RELIEF, FIRST AMENDED COUNTERCLAIM, AND DEMAND
FOR JURY TRIAL**

      NOW COMES BB&HC, LLC, by and through its attorneys Revision Legal, PLLC and

Zwillgen, PLLC, and for its Answer to Plaintiff's Complaint for Declaratory Judgment and

Relief, First Amended Counterclaim, and Demand for Jury Trial states as follows:

**NATURE OF THE ACTION**

1.  No answer is necessary.

2.  Admitted.

3.  Admitted.

4.  Denied. Defendant's principal place of business is at 1610 Barlow Street, Suite
    201, Traverse City, Michigan, 49684.

## JURISDICTION AND VENUE

5.  Admitted.

6.  Admitted.

7.  Admitted.

## FACTUAL BACKGROUND – THE TRADEMARKS AT ISSUE

8.  No answer is necessary.

9.  Denied.

10. Denied.

11. Admitted.

## DEFENDANT'S ACTS GIVING RISE TO AN ACTUAL CONTROVERSY, AND THE BACKGROUND OF AND EVENTS LEADING TO THE DISPUTE

12. No answer is necessary.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

## The US Trademark Office Has Found that No Individual Entity Has Exclusive Rights Over the EARTHY Formative for Foods

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied.

**The EARTHY Formative is Used as a Trademark by Other Entities on Foods**

25. Admitted.

26. Admitted.

27. Denied.

28. Denied.

**The U.S. Trademark Office Has Allowed the Application of Plaintiff Earthy, LLC for EARTHY Despite the Prior Registration of EARTHY DELIGHTS**

29. Admitted.

30. Denied.

31. Denied.

**BB&HC's Response to Plaintiff Earthy's Letter of April 26, 2016**

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

**FIRST CLAIM FOR RELIEF**

**(Unenforceability of Registered and Common Law Trademarks)**

37. No answer is necessary.

38. Admitted.

39. No answer is necessary.

**SECOND CLAIM FOR RELIEF**
**(Non-Infringement of Trademarks)**

40. No answer is necessary.

41. Admitted.

42. Denied.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

43. Plaintiff's claims are barred in whole or in party because it has failed to state a
claim upon which relief can be granted.

**Second Affirmative Defense**

44. Plaintiff's claims are barred in whole or in part due to its fraud on the United
States Patent and Trademark Office.

**Third Affirmative Defense**

45. Plaintiff's claims are barred in whole or in part due to the doctrine of unclean
hands.

Defendant reserves the right to add additional affirmative defenses as they become
known through discovery.

**REQUEST FOR RELIEF**

Defendant respectfully requests that the Court:

1. Dismiss Plaintiff's claims;

2.  Award Defendant its costs and attorneys' fees sustained in this action;

3.  Award Defendant the relief requested in its counterclaim to be filed in this action;

4.  Award Defendant such further relief as the Court deems appropriate.

## JURY DEMAND

Defendant requests a trial by jury on all of the claims in Plaintiff's Complaint.

## COUNTERCLAIM OF BB&HC, LLC

Counter-Plaintiff, BB&HC, LLC ("Tamarack Holdings"), for its Counterclaim against Counter-Defendant Earthy, LLC states as follows:

## PARTIES

1.  Counter-Plaintiff BB&HC, LLC ("Tamarack Holdings") is a limited liability company organized under the laws of the State of Michigan with principal place of business in Traverse City, Michigan.

2.  Counter-Defendant Earthy, LLC is a limited liability company organized under the laws of the State of Illinois with its principal place of business in Winnetka, Illinois.

## JURISDICTION

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338 because this matter raises federal questions under the Lanham Act over which this Court has original jurisdiction.

4.  This Court has supplemental jurisdiction over the claims in this Counterclaim that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.  This Court has personal jurisdiction over Counter-Defendant because Counter-Defendant

resides in this state and has committed intentional and tortious acts within this state.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Counter-Defendant resides in the State of Illinois.

## Counter-Plaintiff's Business

7. Tamarack Holdings is the parent company to several food production, processing, retail, and distribution-related business, including Earthy Delights, Inc. ("Earthy Delights"), which is a corporation organized under the law of the State of Michigan with its principal place of business in Okemos, Michigan.

8. Since as early as 1987, Earthy Delights has been in the business of distributing specialty foods through retail and wholesale channels.

9. Among other products, Earthy Delights distributes specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas.

10. Earthy Delights' first sales of these food products in the Chicago area occurred in 1993.

11. In 1996, Earthy Delights expanded its retail operations to include an e-commerce store.

12. On April 4, 1996, Earthy Delights registered the <earthy.com> domain name to house this new operation, and, by December of 1996, began selling its full catalog of food products to consumers through the <earthy.com> website.

13. Beginning in 1999, Earthy Delights began selling its own line of oils and vinegars bearing the EARTHY DELIGHTS trademark both to businesses and directly to consumers and through both traditional and online retail channels.

14. Currently, Earthy Delights sells its food products across the world through its <earthy.com> e-commerce store and in 21 states through major and specialty retail outlets, including in

Walmart, Meijer, and Spartannash stores.

**Counter-Plaintiff's Trademark Rights**

15. In order to secure and protect its intellectual property rights in the wholesale and retail food market, Earthy Delights, in October of 2000, applied for and was granted a registered trademark by the United States Patent and Trademark Office for EARTHY DELIGHTS for use in association with "gourmet food items, namely specialty vinegars." See **Exhibit A**, EARTHY DELIGHTS Trademark Registration.

16. By virtue of its continued registration and use of the EARTHY DELIGHTS mark for in excess of five years, and through its filing of an Affidavit of Incontestability with the USPTO, the EARTHY DELIGHTS trademark registration is now incontestable.

17. Additionally, through its longstanding use of the EARTHY DELIGHTS mark in commerce in association with the sale and offering for sale of specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas since as early as 1999, Earthy Delights has also obtained common law trademark rights in and to the EARTHY DELIGHTS mark for use in association with those goods.

18. In 2016, and in a corporate restructuring, Counter-Plaintiff Tamarack Holdings acquired Earthy Delights, which is now a wholly owned subsidiary of Tamarack Holdings.

19. Subsequently, on March 11, 2016, Earthy Delights assigned both the EARTHY DELIGHTS trademark registration and its common law trademark rights in and to the EARTHY DELIGHTS mark to Counter-Plaintiff Tamarack Holdings.

20. This assignment was recorded with the USPTO on March 14, 2016.

21. Counter-Plaintiff Tamarack Holdings subsequently granted Earthy Delights an exclusive

license to use the EARTHY DELIGHTS mark throughout the United States on March 11, 2016.

22. Counter-Plaintiff Tamarack Holdings also filed for registration of the EARTHY DELIGHTS mark with the United States Patent and Trademark Office on April 29, 2016 and for use in association with cream, dried edible mushrooms, dried lentils, edible oils, processed peppers, processed tomatoes, cinnamon, rice, saffron for use as a food seasoning, spices, vanilla beans, vinegar, fresh almonds, fresh asparagus, fresh beans, fresh chestnuts, fresh garlic, fresh leeks, fresh mushrooms, fresh potatoes, and fresh truffles ("EARTHY DELIGHTS Application").

23. Counter-Plaintiff Tamarack Holdings' EARTHY DELIGHTS Application lists a first use in commerce date of June 1, 1987.

24. All rights and benefits arising out of Earthy Delights' use of the EARTHY DELIGHTS mark inure to the benefit of Counter-Plaintiff Tamarack Holdings, and Counter-Plaintiff Tamarack Holdings retained the right to litigate any claims arising out of or related to its trademark rights.

**<u>Discovery of Plaintiff's Business and Infringement</u>**

25. On April 8, 2015, Counter-Defendant filed an application for registration of **e** earthy ("Earthy Design Mark") for use in association with organic olive oil and organic honey on an intent to use basis. See **<u>Exhibit B</u>**, Counter-Defendant's Trademark Application.

26. Counter-Defendant's application for registration was published for opposition, without Counter-Plaintiff's knowledge, on August 12, 2015. See **<u>Exhibit C</u>**, Counter-Defendant's Trademark Prosecution History.

27. Consequently, the time period in which Counter-Plaintiff could have opposed Counter-

Defendant's application for registration closed on September 12, 2015.

28. Counter-Defendant filed a Statement of Use on April 27, 2016, which stated that Counter-Defendant first began selling olive oil under its purported mark on January 9, 2016 and honey on April 27, 2016. See **Exhibit C**, Counter-Defendant's Trademark Prosecution History.

29. Counter-Defendant's April 27, 2016 Statement of Use shows Counter-Defendant using the Earthy Design Mark on the back of the olive oil bottle and a more prominent EARTHY ORGANICS mark in a written script form on the front as follows:



30. Counter-Defendant's application for trademark registration of the Earthy Design Mark was granted on July 19, 2016, Registration No. 5004400 ("'400 Registration").

31. Counter-Defendant has also filed an intent to use trademark application for the character mark EARTHY ORGANICS in association with "organic pressed olives and olive oil." See **Exhibit D**, EARTHY ORGANIC Application.

32. Despite its pending intent to use trademark application, Counter-Defendant is already using the EARTHY ORGANICS mark in commerce as evidenced by the April 27, 2016 Statement

of Use and through pictures of the mark on olive jars promoted on Counter-Defendant's Twitter feed. See **Exhibit E**, Earthy LLC's Twitter Feed Pictures.

33. Counter-Plaintiff hereafter collectively refers to Counter-Defendant's Earthy Design Mark and EARTHY ORGANICS mark (both as displayed on its products and the applied for character mark) as the "Infringing Earthy Marks."

34. An employee of Counter-Plaintiff first learned of Counter-Defendant's purported Earthy Design Mark mark on January 15, 2016 when visiting Papa Joe's, a gourmet market in Birmingham, Michigan.

35. Counter-Plaintiff's employee discovered hand soap bearing the Earthy Design Mark in the Papa Joe's bathroom and reported it to a department head at Earthy Delights.

36. Since Counter-Defendant's purported Earthy Design Mark was not being used on food products, Counter-Plaintiff chose to watch and wait to see whether Counter-Defendant would enter the food market.

37. In April of 2016, however, Counter-Plaintiff searched for Counter-Defendant on the Internet and discovered that, just as Counter-Plaintiff, Counter-Defendant maintained a website at a domain name containing the term "earthy," namely, <earthy.me>.

38. Additionally, upon visiting Counter-Defendant's <earthy.me> website, Counter-Plaintiff discovered that Counter-Defendant had begun selling olive oil and honey through its website and retail stores.

39. Counter-Plaintiff immediately informed counsel and, on April 21, 2016, Counter-Plaintiff sent a demand letter to Counter-Defendant.

40. This letter demanded that Counter-Defendant abandon its application for registration of, and its use of, its alleged Earthy Design Mark.

41. Counter-Defendant responded via letter on April 26, 2016 and asserted that there was no likelihood of confusion between the marks.

42. Counter-Plaintiff responded to Counter-Defendant's letter on April 28, 2016 and again reiterated its demand.

43. In response, and on May 3, 2016, Counter-Defendant filed the instant declaratory judgment lawsuit.

### COUNT I – Trademark Infringement (15 U.S.C. § 1114)

44. Counter-Plaintiff reasserts all above allegations as if fully restated herein.

45. Counter-Plaintiff Tamarack Holdings is the owner of a registered trademark for EARTHY DELIGHTS (Reg. No. 2,608,911), which is registered with the United States Patent and Trademark Office in International Class 030 for use in association with gourmet food items, namely, vinegar.

46. Counter-Plaintiff's registered EARTHY DELIGHTS trademark is incontestable.

47. Counter-Defendant has used, and continues to use, without authorization, a confusingly similar imitation of Counter-Plaintiff's common law EARTHY DELIGHTS trademark in the sale and offering for sale of food products, namely, the Infringing Earthy Marks.

48. Counter-Defendant's use of the Infringing Earthy Marks is likely to cause confusion among consumers regarding the origin of the goods offered by the parties.

49. Counter-Plaintiff has not provided its consent to Counter-Defendant's registration or use of confusingly similar imitations of Counter-Plaintiff's registered EARTHY DELIGHTS mark.

50. Counter-Defendant is unfairly benefitting from Counter-Plaintiff's advertising and promotion and profiting from the reputation and goodwill Counter-Plaintiff has built and established in its registered EARTHY DELIGHTS mark.

51. Counter-Defendant continues to use a confusingly similar imitations of Counter-Plaintiff's mark despite receiving prior notice that such actions are infringing.

52. Counter-Defendant's actions constitute willful trademark infringement.

53. As a result, Counter-Defendant is liable for up to three times Counter-Plaintiff's damages and Counter-Defendant's profits, or, at Counter-Plaintiff's election, statutory damages in the amount of up to $2,000,000 consistent with 15 U.S.C. § 1117(c).

54. Counter-Defendant is further liable for Counter-Plaintiff's attorneys' fees, costs, and prejudgment interest.

## **COUNT II – False Designation of Origin (15 U.S.C. § 1125(a))**

55. Counter-Plaintiff reasserts all above allegations as if fully restated herein.

56. Counter-Plaintiff Tamarack Holdings, as the successor in interest to Earthy Delights, Inc., has used the EARTHY DELIGHTS mark in association with the sale and offering for sale of specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas since as early as 1999.

57. EARTHY DELIGHTS, when used in association with these goods, is suggestive and, therefore, inherently distinctive and protectable without a showing secondary meaning.

58. Counter-Plaintiff has been using the EARTHY DELIGHTS mark in association with specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas for approximately 17 years, including in the State of Illinois.

59. Even assuming, *arguendo*, Counter-Plaintiff's EARTHY DELIGHTS mark is not suggestive, Counter-Plaintiff's mark has acquired secondary meaning as a result of its longstanding, continuous, and exclusive use of that mark in commerce.

60. Counter-Defendant has used, and continues to use, without authorization, a confusingly similar imitation of Counter-Plaintiff's common law EARTHY DELIGHTS trademark in the sale and offering for sale of food products, namely, the Infringing Earthy Marks.

61. Counter-Defendant has used confusingly similar imitations of Counter-Plaintiff's EARTHY DELIGHTS mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Counter-Plaintiff with Counter-Defendant, or as to the origin, sponsorship, or approval of Counter-Defendant's goods by Counter-Plaintiff.

62. Counter-Plaintiff has not provided its consent to Counter-Defendant's registration or use of confusingly similar imitations of Counter-Plaintiff's common law EARTHY DELIGHTS mark.

63. Counter-Defendant did not have Counter-Plaintiff's consent to use Counter-Plaintiff's EARTHY DELIGHTS mark as outlined above.

64. Counter-Defendant's unauthorized use of Counter-Plaintiff's EARTHY DELIGHTS mark has resulted in Counter-Defendant unfairly benefitting from Counter-Plaintiff's advertising and promotion, and profiting from the reputation of Counter-Plaintiff and Counter-Plaintiff's EARTHY DELIGHTS mark, to the substantial and irreparable injury of the public, Counter-Plaintiff, and the substantial goodwill represented by Counter-Plaintiff's EARTHY DELIGHTS mark.

65. As a result, Counter-Plaintiff has suffered monetary damages and a loss of goodwill associated with the EARTHY DELIGHTS mark.

66. Consequently, Counter-Defendant's use of confusingly similar imitations of the EARTHY DELIGHTS mark constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

67. Counter-Plaintiff is entitled to recover up to three times Counter-Defendant's profits, any damages sustained by Counter-Plaintiff, and the costs of the action consistent with 15 U.S.C. § 1117.

68. Counter-Plaintiff is also entitled to prejudgment interest, the costs of this action, and attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

## COUNT III – Cybersquatting under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))

69. Counter-Plaintiff reasserts all above allegations as if fully restated herein.

70. Counter-Plaintiff Tamarack Holdings is the owner of a registered trademark for EARTHY DELIGHTS (Reg. No. 2,608,911), which is registered with the United States Patent and Trademark Office in International Class 030 for use in association with gourmet food items, namely, vinegar.

71. Counter-Plaintiff Tamarack Holdings, as the successor in interest to Earthy Delights, Inc., has used the EARTHY DELIGHTS mark in association with the sale and offering for sale of specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas since as early as 1999.

72. EARTHY DELIGHTS, when used in association with these goods, is suggestive and, therefore, inherently distinctive and protectable without a showing secondary meaning.

73. Counter-Plaintiff has been using the EARTHY DELIGHTS mark in association with specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas for approximately 17 years, including in the State of Illinois.

74. Even assuming, *arguendo*, Counter-Plaintiff's EARTHY DELIGHTS mark is not suggestive, Counter-Plaintiff's mark has acquired secondary meaning as a result of its longstanding,

continuous, and exclusive use of that mark in commerce.

75. Counter-Plaintiff is also the registrant of the <earthy.com> domain name, which houses its principal website and e-commerce store.

76. Counter-Defendant Earthy, LLC is the domain name registrant or the domain name registrant's authorized licensee of the <earthy.me> domain name.

77. The <earthy.me> domain name incorporates the dominant component of Counter-Plaintiff's EARTHY DELIGHTS trademark and is confusingly similar to that mark.

78. Counter-Defendant registered the <earthy.me> domain name without license or authorization from Counter-Plaintiff and in violation of Counter-Plaintiff's registered and common law trademark rights.

79. Counter-Defendant registered the <earthy.me> domain name with prior notice of Counter-Plaintiff's use of <earthy.com> and Counter-Plaintiff's ownership of the EARTHY DELIGHTS trademark.

80. Counter-Defendant used, and continues to use, the <earthy.me> domain name to divert consumers from Counter-Plaintiff's website to Counter-Defendant's website for commercial gain and to cause a likelihood of confusion.

81. Counter-Defendant has registered and used the <earthy.me> domain name with prior knowledge of Counter-Plaintiff's EARTHY DELIGHTS mark and with explicit knowledge that its continued use of the EARTHY DELIGHTS mark in the <earthy.me> domain name was infringing.

82. Counter-Defendant has no legitimate interest in the <earthy.me> domain name.

83. Counter-Defendant's actions constitute cybersquatting under 15 U.S.C. § 1125(d).

84. In light of Counter-Defendant's actions, Counter-Plaintiff is entitled to preliminary and

permanent injunctive relief pursuant to 15 U.S.C. § 1116.

85. Counter-Plaintiff is also entitled to the transfer of the <earthy.me> domain name pursuant to 15 U.S.C. § 1125(d)(1)(C).

86. Counter-Plaintiff is entitled to the recovery of Counter-Defendant's profits, Counter-Plaintiff's actual damages, and the costs of this action.

87. Alternatively, at Counter-Plaintiff's election, Counter-Plaintiff is entitled to recover statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117.

88. Counter-Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

## COUNT IV – Violation of Illinois Uniform Deceptive Trade Practices Act

89. Counter-Plaintiff reasserts all above allegations as if fully restated herein.

90. Counter-Plaintiff Tamarack Holdings, as the successor in interest to Earthy Delights, Inc., has used the EARTHY DELIGHTS mark in association with the sale and offering for sale of specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas since as early as 1999.

91. EARTHY DELIGHTS, when used in association with these goods, is suggestive and, therefore, inherently distinctive and protectable without a showing secondary meaning.

92. Counter-Plaintiff has been using the EARTHY DELIGHTS mark in association with specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas for approximately 17 years, including in the State of Illinois.

93. Even assuming, *arguendo*, Counter-Plaintiff's EARTHY DELIGHTS mark is not suggestive, Counter-Plaintiff's mark has acquired secondary meaning as a result of its longstanding,

continuous, and exclusive use of that mark in commerce.

94. Counter-Defendant Earthy, LLC has used, and continues to use, without authorization, a confusingly similar imitation of Counter-Plaintiff's common law EARTHY DELIGHTS trademark in the sale and offering for sale of food products, namely, the Infringing Earthy Marks.

95. Counter-Defendant has used confusingly similar imitations of Counter-Plaintiff's EARTHY DELIGHTS mark in a manner that is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of the goods of Counter-Defendant's goods by Counter-Plaintiff.

96. Counter-Plaintiff has not provided its consent to Counter-Defendant's use of confusingly similar imitations of Counter-Plaintiff's common law EARTHY DELIGHTS mark.

97. Counter-Defendant did not have Counter-Plaintiff's consent to use confusingly similar imitations of Counter-Plaintiff's EARTHY DELIGHTS mark as outlined above.

98. Counter-Defendant's unauthorized use of confusingly similar imitations of Counter-Plaintiff's EARTHY DELIGHTS mark has resulted in Counter-Defendant unfairly benefitting from Counter-Plaintiff's advertising and promotion, and profiting from the reputation of Counter-Plaintiff and Counter-Plaintiff's EARTHY DELIGHTS mark, to the substantial and irreparable injury of the public, Counter-Plaintiff, and the substantial goodwill represented by Counter-Plaintiff's EARTHY DELIGHTS mark.

99. As a result, Counter-Plaintiff has suffered monetary damages and a loss of goodwill associated with the EARTHY DELIGHTS mark.

100. Consequently, Counter-Defendant's use of confusingly similar imitations of the EARTHY DELIGHTS mark constitutes a violation of the Illinois Uniform Deceptive Trade

Practices Act.

101.    Counter-Plaintiff is entitled to recover its actual damages, Counter-Defendant's profits, and punitive damages.

102.    Due to Counter-Defendant's willful engagement in a deceptive trade practice, Counter-Plaintiff is entitled to prejudgment interest, the costs of this action, and attorneys' fees.

103.    Additionally, because Counter-Plaintiff has no adequate remedy at law and will be irreparably harmed by Counter-Defendant's use of confusingly similar marks, Counter-Plaintiff is entitled to injunctive relief, specifically, a preliminary and permanent injunction.

### COUNT V – Cancellation of Trademark Registration No. 5004400

104.    Counter-Plaintiff reasserts all above allegations as if fully restated herein.

105.    Counter-Plaintiff is the owner of a federally registered trademark for EARTHY DELIGHTS, which is registered for use in association with "gourmet food items, namely specialty vinegars" under Reg. No. 2,608,911 ("EARTHY DELIGHTS Registered Mark").

106.    Counter-Plaintiff's EARTHY DELIGHTS Registered Mark is incontestable.

107.    Counter-Plaintiff is also the owner of the EARTHY DELIGHTS Application, which is pending registration with the United States Patent and Trademark Office for use in association with cream, dried edible mushrooms, dried lentils, edible oils, processed peppers, processed tomatoes, cinnamon, rice, saffron for use as a food seasoning, spices, vanilla beans, vinegar, fresh almonds, fresh asparagus, fresh beans, fresh chestnuts, fresh garlic, fresh leeks, fresh mushrooms, fresh potatoes, and fresh truffles.

108.    Counter-Plaintiff has continuously and exclusively used the EARTHY DELIGHTS mark in commerce throughout the United States in association with the sale and offering for sale of cream, dried edible mushrooms, dried lentils, edible oils, processed peppers, processed

tomatoes, cinnamon, rice, saffron for use as a food seasoning, spices, vanilla beans, vinegar, fresh almonds, fresh asparagus, fresh beans, fresh chestnuts, fresh garlic, fresh leeks, fresh mushrooms, fresh potatoes, and fresh truffles since as early as 1987 ("EARTHY DELIGHTS Common Law Mark").

109.   The EARTHY DELIGHTS Common Law Mark is inherently distinctive.

110.   Alternatively, through its longstanding use in commerce, the EARTHY DELIGHTS Common Law mark has acquired secondary meaning.

111.   Consequently, Counter-Plaintiff has acquired common law trademark rights in and to the EARTHY DELIGHTS Common Law Mark.

112.   Counter-Defendant's '400 Registration is confusingly similar to Counter-Plaintiff's EARTHY DELIGHTS Registered Mark and Counter-Plaintiff's EARTHY DELIGHTS Common Law Mark.

113.   Counter-Defendant's '400 Registration is likely, when used on or in connection with organic processed olives and olive oil, to cause confusion, or to cause mistake, or to deceive the consuming public into believing that Counter-Defendant's goods are the same of Counter-Plaintiff's goods or that Counter-Defendant's goods originate from the same source as Counter-Plaintiff's goods.

114.   Additionally, Counter-Defendant improperly used the ® designation to inform the public that it owns a registered trademark in the '400 Registration before the registration was granted.

115.   Specifically, Counter-Defendant placed the ® designation adjacent to the '400 Registration on its products, including its olive oil, dating back to, at least, April 2016.

116.   Counter-Defendant did not obtain a registration in the '400 Registration until July 2016.

117.    At the time Counter-Defendant improperly used the ® designation, Counter-Defendant was in the midst of another federal trademark infringement lawsuit regarding rights to the EARTHY mark in the Northern District of Illinois, *Venus Laboratories, Inc. v Vlahakis*, 15-cv-01617 (Venus Laboratories Litigation).

118.    On February 23, 2015, Venus Laboratories alleged that Counter-Defendant knowingly made false, material representations to the USPTO to obtain Registration No. 4664428, being the identical mark subject to the '400 Registration, but associated with different goods or services.

119.    As a result, Counter-Defendant knew and understood the trademark registration process, the statements he was required to make, and the allegation of use necessary to obtain registration.

120.    Counter-Defendant ignored the rules, placed the ® designation on all of its products, even those goods not subject to Registration No. 4664428, in a knowing and intentional manner to confuse the public as to its ownership of trademark rights.

121.    Counter-Defendant knew this conduct was a false representation of a material fact.

122.    Counter-Defendant failed to correct this false statement.

123.    The relevant purchasing public relied on Counter-Defendant's knowingly false misrepresentation to their damage.

124.    Counter-Plaintiff hereby requests the Court cancel Counter-Defendant's '400 Registration on the grounds that it will cause a likelihood of confusion pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

125.   Additionally, Counter-Plaintiff hereby requests that the Court cancel Counter-Defendant's '400 Registration on the grounds that it was obtained by fraud on the United States Patent and Trademark Office.

**WHEREFORE**, Counter-Plaintiff requests this honorable Court grant the following relief:

A.   That Counter-Defendant Earthy, LLC and all persons acting in concert with it be preliminarily and permanently enjoined from using Counter-Plaintiff's EARTHY DELIGHTS mark, or any colorable imitation thereof likely to cause confusion;

B.   That Counter-Plaintiff receive and recover from Counter-Defendant Earthy, LLC all damages sustained, including, but not limited to, statutory damages in the amount of $2,100,000, which is the maximum amount allowed by 15 U.S.C. § 1117 for trademark infringement and cybersquatting, treble damages, Counter-Plaintiff's actual damages, punitive damages, and Counter-Defendant Earthy, LLC's profits;

C.   That Counter-Defendant Earthy, LLC be ordered to pay Counter-Plaintiff's reasonable costs, expenses, and attorney fees incurred in prosecuting this action, pursuant to 15 U.S.C. § 1116 and 15 U.S.C.§ 1117(a);

D.   That Counter-Defendant's '400 Registration is cancelled pursuant to 15 USC § 1119.

E.   That Counter-Plaintiff be awarded pre and post-judgment interest to the maximum extent allowed by law; and

F.   That Counter-Plaintiff be awarded such other and further relief to which it may be justly entitled.

## **JURY DEMAND**

Counter-Plaintiff hereby requests a trial by jury for all eligible counts contained within this Counterclaim.

Respectfully submitted August 22, 2016.

*/s/ John Di Giacomo*
John Di Giacomo
Revision Legal, PLLC
109 E. Front St.
Suite 309
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
Email: john@revisionlegal.com
*Attorneys for Defendant BB&HC, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2016, I electronically filed the foregoing Answer to

Plaintiff's Complaint for Declaratory Judgment and Relief, First Amended Counterclaim, and

Demand for Jury Trial using the ECF system which will send notification of such filing to the

following:

Daniel N. Christus
Alex Grabowski
McDermott Will & Emery LLP
227 West Monroe Street, Ste. 4400
Chicago, IL 60606
(312) 984-7689

*/s/ John Di Giacomo*
John Di Giacomo
Revision Legal, PLC
109 E. Front St.
Suite 309
Traverse City, MI 49684
(231) 714-0100
john@revisionlegal.com