# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EARTHY, LLC, | ) | |
| | ) | No. 16 CV 4934 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| BB&HC, LLC, | ) | |
| | ) | January 30, 2017 |
| Defendant. | ) | |

## ORDER

Before the court is Defendant BB&HC, LLC's second motion to compel Plaintiff Earthy, LLC to produce supplemental responses to Defendant's First Requests for Production of Documents ("RFP") (Nos. 3-8, 11-12, 17-19, and 21-25) and First Set of Interrogatories ("INT") (Nos. 3, 4, 7, and 8). For the following reasons, the motion is granted as to RFP Nos. 3-8, 11-12, 17-19, and 21-25, but denied as to INT Nos. 3, 4, 7, and 8:

## Background

Plaintiff filed this lawsuit seeking a declaratory judgment of non-infringement of Defendant's alleged trademark rights. (R. 1, Compl.) Plaintiff alleges that it sells "household cleaning products, skin care products, and certified organic foods under its federally registered trademark for [E EARTHY], and under a pending trademark application for [E EARTHY]." (Id. at ¶ 9.) Plaintiff denies any infringement of Defendant's "EARTHY DELIGHTS" mark and argues that Defendant cannot lawfully exclude others from using "EARTHY" on food products.

(See id. at ¶¶ 14-16.) Plaintiff further argues that its use of the "E EARTHY" mark is not confusingly similar to Defendant's "EARTHY DELIGHTS" mark. (Id. at ¶ 15.)

Defendant in response filed a counterclaim alleging infringement of its "EARTHY DELIGHTS" mark. (R. 18, Countercl.) Defendant alleges that it sells "specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas" under the "EARTHY DELIGHTS" mark. (Id. at ¶¶ 9, 17.) Defendant further alleges that Plaintiff has unlawfully used and continues to use "confusingly similar imitations" of its trademark. (Id. at ¶ 48.)

Defendant issued written discovery requests to Plaintiff on June 29, 2016.[1] (R. 69-1, Def.'s Br. at 1.) Plaintiff served its responses and objections on August 10, 2016, but did not produce any documents responsive to Defendant's RFP. (Id.) On October 4, 2016, Defendant moved to compel Plaintiff to produce documents. (R. 47.) Plaintiff responded by agreeing to produce responsive documents by October 25, 2016, (R. 69-1, Def.'s Br. at 2), and the court entered an order to this effect, (R. 49). Plaintiff produced 21 pages on October 25, 2016. (R. 69-1, Def.'s Br. at 3.) The parties then disputed the sufficiency of the documents produced, (id. at 3-4), which led to Defendant filing a contempt motion on November 3, 2016, (R. 57). The court denied Defendant's contempt motion on December 7, 2016, and ordered Plaintiff to supplement its discovery responses by December 16, 2016.

---

[1] The parties agreed that the requests were deemed to have been served on July 8, 2016, the date of their Rule 26(f) conference. (R. 69-1, Def.'s Br. at 1.)

(R. 67.) The court also ordered Defendant to file a motion to compel by January 6, 2017, if Plaintiff's supplemental responses remained inadequate. (Id.) Defendant filed the present motion on December 29, 2016. (R. 69.)

## Analysis

The Federal Rules of Civil Procedure instruct this court to allow discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The parties dispute whether Plaintiff should be compelled to produce documents relating to the following: (1) Plaintiff's sale of non-food products (RFP Nos. 3-6, 11-12, 17-19, 22-24); (2) Plaintiff's financial information (RFP Nos. 21-25); (3) Plaintiff's acquisition of the "EARTHY" mark (RFP Nos. 7-8); and (4) Plaintiff's response to INT Nos. 3, 4, 7, and 8.

The parties first disagree about the propriety of Defendant's discovery requests relating to Plaintiff's "goods" bearing "EARTHY" and "EARTHY ORGANIC" marks to the extent that they seek documents pertaining to non-food products in addition to food products. Defendant argues that non-food products bearing similarly confusing marks are relevant to the likelihood of confusion analysis in a trademark infringement claim. (R. 69-1, Def.'s Br. at 6.) For support, Defendant points to the Seventh Circuit's seven-factor likelihood of confusion test, which includes examining the similarity of products and the area and manner of

3

concurrent use. *See Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 897-98 (7th Cir. 2001).

Plaintiff objects to producing documents, including financial documents, about its non-food products, asserting that only its food products are in play in this litigation. (R. 71, Pl.'s Resp. at 2.) Plaintiff asserts that Defendant's "EARTHY DELIGHTS" mark relates only to "gourmet food items, namely specialty vinegars," as alleged in Defendant's counterclaim. (Id. at 3-4.) Plaintiff therefore claims that "discovery beyond such scope is intended for an improper purpose of harassment and to increase the costs of litigation to be punitive." (Id. at 4.) Plaintiff did not provide any analysis or evidence showing that production of the requested non-food product documents would impose an undue burden or expense on Plaintiff.

Plaintiff attempts to carve too thinly the scope of relevant documents. Courts do not limit trademark protection only to products that are identical. *See Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 958 (7th Cir. 1992). Instead, "[m]odern trademark law prohibits use of a senior user's mark not only on products that are in direct competition with those of the senior user but also on products that are considered to be 'closely related.'" *Id.* A "closely related" product has been defined as one "which would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner." *Id.* (citation omitted) (explaining that "the use of the mark VERA on cosmetics and perfume has been found to infringe the mark VERA on designer apparel and household linens"). This court does not render an opinion

4

as to whether a trier of fact will find Plaintiff's household cleaning and skin products to be "closely related" to food products, or even whether non-food product evidence will be admissible at trial. This court does find, however, that Defendant is entitled to seek documents related to Plaintiff's non-food products because such documents are relevant to Defendant's counterclaim—particularly with respect to the likelihood of confusion analysis—and Plaintiff's defenses thereto. Accordingly, the motion is granted as to RFP Nos. 3-6, 11-12, 17-19, and 21-25 to the extent that these requests cover both food and non-food products.

The parties' second dispute centers on Plaintiff's financial documents relating to food products. Plaintiff states that it "has produced all financial records to date relating to its food category business." (R. 71, Pl.'s Resp. at 6.) Plaintiff also confirms it "has produced records of every single sale of olive oil." (Id.) Defendant remains skeptical because Plaintiff purportedly has not produced documents relating to food products other than olive oil or "product-specific profit and loss statements and balance sheets . . . of the sort that are regularly maintained in the ordinary course of business by a business of Plaintiff's size." (R. 69-1, Def.'s Br. at 10.) Rule 34 does not require a party to create documents for litigation. Rather, it requires the production of documents in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). While Defendant may be skeptical, there is no factual basis to show that Plaintiff's representation is inaccurate. However, if Plaintiff learns that its production of responsive financial or other records is

incomplete, Plaintiff has an obligation to supplement its disclosures in a timely manner. See Fed. R. Civ. P. 26(e)(1)(A).

The parties' third dispute centers on documents relating to Plaintiff's acquisition of the "EARTHY" mark from Venus Laboratories, (RFP Nos. 7-8). In its response, Plaintiff does not contest the relevance of the requested documents, (R. 71, Pl.'s Resp. at 6-7), but asserts that it is prohibited from producing such documents by a settlement agreement it entered into with Venus Laboratories. Given the relevance of the requested documents to Plaintiff's alleged ownership of the "EARTHY" mark, Plaintiff is ordered to produce documents responsive to RFP Nos. 7 and 8. Plaintiff may redact those portions of the responsive documents that are not pertinent to the requests and mark the documents as "confidential" and for "attorney's eyes only" in order to protect the interests of Venus Laboratories. Defendant is ordered to treat these documents as confidential and for its attorneys' eyes only until further order of the court.

The fourth dispute between the parties relates to Plaintiff's responses to Defendant's INT Nos. 3, 4, 7, and 8. In responding to these interrogatories, Plaintiff elected to produce business records in accordance with Rule 33(d)(1) and identified Bates-numbered pages in its interrogatory responses. (R. 71, Pl.'s Resp. at 7.) Defendant nonetheless takes issue with the quality of information produced and seeks to have Plaintiff "provide simple answers" to the interrogatories. (R. 69-1, Def.'s Br. at 14.) However, Rule 33(d) specifically permits a party responding to

6

interrogatories to produce responsive business records. Accordingly, the court denies Defendant's motion as to INT Nos. 3, 4, 7, and 8.[2]

## Conclusion

For the foregoing reasons, the motion to compel is granted in part and denied in part.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**

---

[2] The court further denies Defendant's request for an award of attorneys' fees. Plaintiff's good faith relevance objections regarding the scope of allegedly infringing products at issue in this case constitute substantial justification, precluding an attorneys' fees award under Rule 37(a)(5)(A)(ii). *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994).