## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EARTHY, LLC, | ) | |
| | ) | **No. 16 CV 4934** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| BB&HC, LLC, | ) | |
| | ) | **February 8, 2017** |
| Defendant. | ) | |

## ORDER

Before the court is Defendant BB&HC, LLC's third motion to compel Plaintiff Earthy, LLC to produce documents responsive to Defendant's Second Requests for Production of Documents ("RFP") and non-party John Vlahakis to produce documents responsive to Defendant's subpoena. (R. 72.) For the following reasons, the motion is granted to the extent that Defendant seeks to compel Plaintiff[1] to produce additional documents:

### Background

Plaintiff filed this lawsuit seeking a declaratory judgment of non-infringement of Defendant's alleged trademark rights. (R. 1, Compl.) Plaintiff alleges that it sells "household cleaning products, skin care products, and certified organic foods under its federally registered trademark for [E EARTHY], and under a pending trademark application for [E EARTHY]." (Id. at ¶ 9.) Plaintiff denies any infringement of Defendant's "EARTHY DELIGHTS" mark and argues that

---

[1] The court will rule on the motion to compel as it pertains to Defendant's subpoena after Vlahakis has had an opportunity to file a response. (See R. 76.)

Defendant cannot lawfully exclude others from using "EARTHY" on food products. (See id. at ¶¶ 14-16.) Plaintiff further argues that its use of the "E EARTHY" mark is not confusingly similar to Defendant's "EARTHY DELIGHTS" mark. (Id. at ¶ 15.)

In response Defendant filed a counterclaim alleging infringement of its "EARTHY DELIGHTS" mark. (R. 18, Countercl.) Defendant alleges that it sells "specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas" under the "EARTHY DELIGHTS" mark. (Id. at ¶¶ 9, 17.) Defendant further alleges that Plaintiff has unlawfully used and continues to use "confusingly similar imitations" of its trademark. (Id. at ¶ 48.)

Defendant served its second RFPs to Plaintiff on November 22, 2016. (R. 72-1, Def.'s Br. at 1, Ex. A.) Plaintiff issued responses and objections on December 28, 2016. (Id. at 1, Ex. E.) After the parties met and conferred pursuant to Local Rule 37.2, (id. at 2, Exs. H, I), Defendant filed the present motion. On January 26, 2017, the court ordered Plaintiff to file a response to the motion by February 2, 2017. (R. 74.) To date, Plaintiff has neither filed a response nor sought an extension.

## Analysis

The Federal Rules of Civil Procedure instruct this court to allow discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Defendant seeks to compel Plaintiff to produce documents relating to another case involving Plaintiff and its owner, Vlahakis. *See Venus Labs., Inc. v. Vlahakis*, No. 15 CV 1617 (N.D. Ill.) ("Venus Litigation"). The parties in the Venus Litigation disputed the "ownership, registration, and use" of the "EARTHY" mark. *Venus Labs.*, 2015 WL 1058264, at \*1 (N.D. Ill. Mar. 5, 2015). Defendant in this case seeks a copy of "all discovery requests, discovery responses, interrogatories, requests to admit, and settlement agreements," (R. 72-1, Ex. A (RFP No. 28)), exchanged in the Venus Litigation, (id. at 4). Defendant argues that the requested documents are relevant to "Plaintiff's creation and first use of the EARTHY mark, the goods that were sold under the EARTHY mark, and the legitimacy of Plaintiff's claim to be sole owner of the EARTHY mark." (R. 72-1 at 4.) Defendant further asserts that the documents are relevant to "whether Plaintiff has lost rights to the EARTHY mark through abandonment, waiver, acquiescence, or naked licensing" and to whether goodwill associated with the EARTHY mark transferred to Plaintiff. (Id.)

In its response to RFP No. 28, Plaintiff objected that the request was overly broad, unduly burdensome, vague, and not relevant. (R. 72-1, Ex. E.) Nevertheless, Plaintiff agreed to produce responsive documents "upon approval by the parties to the settlement agreement" in the Venus Litigation and pursuant to a protective order. (Id.)

3

The analysis that the court used in ruling on two similar document requests (RFP Nos. 7-8) applies here. (R. 77 at 6.) In its second motion to compel, Defendant sought documents relating to Plaintiff's "acquisition of the EARTHY mark from Venus Laboratories," (RFP No. 7), and Plaintiff's "payment of money to Venus Laboratories for the acquisition of the EARTHY mark," (RFP No. 8). (R. 69-2.) The court ordered Plaintiff to produce documents responsive to RFP Nos. 7 and 8 because such documents are relevant to Plaintiff's alleged ownership of the "EARTHY" mark. (R. 77 at 6; see also R. 1 at ¶ 9.) RFP No. 28 similarly seeks documents that are relevant to ownership and use of the "EARTHY" mark.

Accordingly, the court orders Plaintiff to produce documents responsive to RFP No. 28, subject to the following:

- This order is limited to documents that are not uploaded to the public docket in the Venus Litigation.

- To the extent that Venus Laboratories disclosed documents in the Venus Litigation pursuant to a protective order, such documents shall not be produced without giving notice to Venus Laboratories so that the company has an opportunity to object. Plaintiff must advise Defendant whether any documents are withheld pursuant to this limitation.

- This order excludes attorney-client privileged documents and attorney work product. However, Plaintiff must provide a privilege log consistent with Rule 26(b)(5)(A) if responsive documents are withheld on the basis of a privilege or immunity.

- To the extent that Defendant's RFP Nos. 7, 8, and 28 request the same documents, Plaintiff shall produce documents responsive to RFP Nos. 7 and 8 in accordance with the court's previous orders. (See R. 76; R. 77.)[2]

---

[2] The court denies Defendant's request for an award of attorneys' fees. Plaintiff's good faith objections constitute substantial justification, precluding an attorneys'

**Conclusion**

For the foregoing reasons, the motion to compel is granted as to Plaintiff and continued as to Vlahakis until February 13, 2017, to allow him to respond. (R. 76.)

**ENTER:**

_____

**Young B. Kim**
**United States Magistrate Judge**

_____

fees award under Rule 37(a)(5)(A)(ii). *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994).