# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EARTHY, LLC, | ) | |
| | ) | No. 16 CV 4934 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| BB&HC, LLC, | ) | |
| | ) | February 22, 2017 |
| Defendant. | ) | |

## ORDER

Before the court is Defendant BB&HC, LLC's motion to compel non-party John Vlahakis to produce documents responsive to its subpoena (Request Nos. 1-2).[1] (R. 72.) For the following reasons, the motion is granted:

## Background

Plaintiff filed this lawsuit seeking a declaratory judgment of non-infringement of Defendant's alleged trademark rights. (R. 1, Compl.) Plaintiff alleges that it sells "household cleaning products, skin care products, and certified organic foods under its federally registered trademark for [E EARTHY], and under a pending trademark application for [E EARTHY]." (Id. at ¶ 9.) Plaintiff denies any infringement of Defendant's "EARTHY DELIGHTS" mark and argues that Defendant cannot lawfully exclude others from using "EARTHY" on food products. (See id. at ¶¶ 14-16.) Plaintiff further argues that its use of the "E EARTHY" mark

---

[1] Defendant's motion also sought to compel Plaintiff Earthy, LLC to produce documents. The court ruled on the motion as it pertained to Plaintiff on February 8, 2017. (R. 81.)

is not confusingly similar to Defendant's "EARTHY DELIGHTS" mark. (Id. at ¶ 15.)

In response Defendant filed a counterclaim alleging infringement of its "EARTHY DELIGHTS" mark. (R. 18, Countercl.) Defendant alleges that it sells "specialty oils, creams, vinegars, dried mushrooms, fresh mushrooms, dried peppers, fresh peppers, dried tomatoes, spices, beans, lentils, rice, and pastas" under the "EARTHY DELIGHTS" mark. (Id. at ¶¶ 9, 17.) Defendant further alleges that Plaintiff has unlawfully used and continues to use "confusingly similar imitations" of its trademark. (Id. at ¶ 48.)

Non-party Vlahakis is the owner of Plaintiff Earthy, LLC.[2] (R. 72-1, Def.'s Br. at 1.) Vlahakis was a party to federal and state cases involving Venus Laboratories, Inc. and Venus's controlling shareholder and CEO. *See Venus Labs., Inc. v. Vlahakis*, No. 15 CV 1617 (N.D. Ill.) ("Venus Litigation"); *Venus Labs., Inc. v. Vlahakis*, No. 2015 MR 000131 (DuPage Cnty.), *consolidated with Vlahakis v. Vlahakis-Hanks*, No. 2015 CH 000015 (DuPage Cnty.), *removed as Vlahakis v. Vlahakis-Hanks*, No. 15 CV 1666 (N.D. Ill.) ("Vlahakis Litigation"). These matters related to disputes over "the ownership, registration, and use of the 'Earthy' Trademark, No. 4,664,428" ("the EARTHY mark"), *Venus Labs.*, 2015 WL 1058264, at *1 (N.D. Ill. March 5, 2015), and Vlahakis's termination as an officer and removal as a director of Venus, (Vlahakis Litigation, Dkt. 1, Compl. at ¶¶ 83-92).

---

[2] Vlahakis also is listed as agent and LLC manager for Earthy, LLC. *See* Ill. Sec'y State, https://www.ilsos.gov/corporatellc/CorporateLlcController (last visited Feb. 22, 2017).

Defendant served its subpoena on Vlahakis on November 22, 2016. (R. 72-1 at 1, Ex. B.) Vlahakis objected to the subpoena on December 28, 2016. (Id. at 1, Ex. F.) After Defendant and Vlahakis met and conferred pursuant to Local Rule 37.2, (id. at 2, Exs. H, I), Defendant filed the present motion. On January 30, 2017, the court ordered Vlahakis to file a response to the motion by February 13, 2017. (R. 76), but he chose not to respond.

**Analysis**

Under Rule 45(d)(2)(B), a non-party subpoena respondent may object to producing responsive information. When a respondent objects to a subpoena, the party serving the subpoena may move the court to compel compliance. Fed. R. Civ. P. 45(d)(2)(B)(i). If a respondent objects on the ground of undue burden, the court will "weigh the burden to the subpoenaed party against the value of the information to the serving party," including "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citations omitted).

Defendant issued a subpoena to Vlahakis requesting "all discovery requests, discovery responses, interrogatories, requests to admit, and settlement agreements" related to the Vlahakis Litigation. (R. 72-1, Ex. B (Request Nos. 1-2).) In his subpoena response, Vlahakis objected to the requests as "unduly burdensome because [they seek] documents not reasonably calculated to lead to the discovery of admissible evidence." (R. 72-1, Ex. F.) In response to this objection, Defendant

3

argues that Vlahakis has not demonstrated an undue burden and that the documents are relevant to its counterclaims for willful trademark infringement, deceptive trade practices, and intentional cybersquatting.

The court first assesses the burden the subpoena imposes upon Vlahakis. Although Vlahakis is a non-party, he is the owner, agent, and LLC manager of the party that initiated this pending lawsuit. (See R. 72-1 at 1; supra n.2.) Vlahakis also shares the same legal counsel as Plaintiff. (See R. 72-1, Ex. F at 4.) In his subpoena response, Vlahakis asserted an undue burden without describing the nature of the burden or expense. (Id. at 3-4.) He did not estimate the number of documents he would be required to produce or the expense involved with subpoena compliance. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597-98 (7th Cir. 2011) ("A specific showing of burden is commonly required by district judges faced with objections to the scope of discovery.").

Even though Vlahakis did not demonstrate an undue burden, the court proceeds to the next step of assessing the relevance of the requested documents and Defendant's need for such documents as Vlahakis's objection is primarily based on relevance. *See Moon*, 232 F.R.D. at 636-37 (finding that even when a non-party has failed to make timely objections, "[i]n unusual circumstances and for good cause . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]"); *Young v. City of Chicago*, No. 13 CV 5651, 2017 WL 25170, at *7 (N.D. Ill. Jan. 3, 2017) (quoting *Moon* for same rule). Defendant argues that it needs the requested documents because Vlahakis claims that he created the "EARTHY" mark

4

while working at Venus and, after his alleged wrongful termination, Venus improperly tried to seize control of "EARTHY." (R. 72-1 at 5.) Defendant expects the discovery exchanged between Vlahakis and Venus to show how and when the "EARTHY" mark was created and Vlahakis's alleged knowledge and willful infringement of existing "EARTHY" marks, including Defendant's mark. (Id. at 3-6.)

Vlahakis and Venus were parties to a lawsuit expressly disputing "the ownership, registration, and use" of the "EARTHY" mark. *Venus Labs.*, 2015 WL 1058264, at *1. The Venus Litigation is separate from the Vlahakis Litigation. Nevertheless, the Vlahakis Litigation involved Vlahakis's roles and responsibilities at Venus, his alleged wrongful termination, and his alleged misrepresentations and breaches. (See Vlahakis Litigation, Dkt. 1, Removal Notice, Ex. B(1), (4).) As such, discovery responses and settlement agreements exchanged in the Vlahakis Litigation may shed additional light on creation, ownership, and use of the "EARTHY" mark by Plaintiff. Accordingly, the relevance factor weighs in favor of Defendant.

The court next examines the breadth of Request Nos. 1 and 2, the time period covered by those requests, and the particularity of the requests. *See Moon*, 232 F.R.D. at 637. The two disputed requests specifically seek discovery papers and settlement agreements exchanged in the Vlahakis Litigation. (See R. 72-1, Ex. B at 6-7.) Vlahakis filed the first state case on January 5, 2015. (See Vlahakis Litigation, Dkt. 1, Removal Notice at 2, Ex. B(1).) Venus filed the second state case

on January 27, 2015. (Id. at 2, Ex. B(4).) The cases were consolidated and removed to federal court shortly thereafter, on February 24, 2015. (Id. at 1.) Given the narrow scope of information sought, short duration of the Vlahakis Litigation, and the specificity of the disputed requests, these factors further weigh in favor of Defendant.

Accordingly, the court orders Vlahakis to produce documents responsive to Request Nos. 1 and 2, subject to the following:

- This order is limited to documents that are not uploaded to the public docket in the Vlahakis Litigation.

- To the extent that Venus Laboratories or other non-parties disclosed documents in the Vlahakis Litigation pursuant to a protective order, such documents shall not be produced without giving notice to Venus Laboratories and other applicable non-parties so that they have an opportunity to object. Vlahakis must advise Defendant whether any documents are withheld pursuant to this limitation.

- This order excludes attorney-client privileged documents and attorney work product. However, Vlahakis must provide a privilege log consistent with Rule 26(b)(5)(A) if responsive documents are withheld on the basis of a privilege or immunity.[3]

## Conclusion

For the foregoing reasons, the motion to compel is granted.

**ENTER:**

Young B. Kim
United States Magistrate Judge

---

[3] Defendant's request for attorneys' fees is denied. Vlahakis's good faith objections constitute substantial justification, precluding an award of fees under Rule 37(a)(5)(A)(ii). *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994).