IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Earthy, LLC

                    Plaintiff,

v.

BB&HC, LLC,

                    Defendant.

Civil Action No. 1:16-cv-04934

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTER-CLAIM**

NOW COMES Defendant BB&HC, by and through its counsel, and for its Brief in Support of Motion for Leave to File Second Amended Counter-Claim states the following:

**I.    INTRODUCTION**

This case involves Counter-Defendant's adoption and use of EARTHY and EARTHY ORGANIC, two trademarks that Counter-Plaintiff alleges are confusingly similar to its registered EARTHY DELIGHTS trademarks. For over thirty years, Counter-Plaintiff has operated within the food industry under the name Earthy Delights. Counter-Plaintiff provides a line of branded food products to consumers, chefs, and restaurants under the EARTHY DELIGHTS trademark, including through retail, wholesale, and e-commerce channels. In 2016, however, Counter-Defendant began selling identical products, specifically oils, to the same retailers, wholesalers, and consumers as Counter-Plaintiff under the EARTHY and EARTHY ORGANIC marks, including through the <earthy.me> website, a website that is hosted at a domain name that is almost identical to Counter-Plaintiff's <earthy.com>.

This case has been in litigation for a year. Throughout that time, Counter-Defendant has consistently impeded Counter-Plaintiff's attempts at discovery in bad faith. Though Counter-

1

Plaintiff served its First Requests for Production of Documents on Plaintiff on June 29, 2016, which requested various communications concerning Earthy, LLC's business operations, it was not until March 29, 2017, eight months later, that Counter-Plaintiff received its first production of email correspondence. After review of this correspondence, and after the 30(b)(6) deposition of Earthy, LLC on February 28, 2017, it is clear that third party John Vlahakis is the sole owner, officer, and financier of Earthy, LLC and personally directed and participated in the infringing activity alleged in Counter-Plaintiff's Counter-Claim. Further, John Vlahakis undertook these infringing actions in his individual capacity while employed by third party Venus Laboratories. It was not until later, after he was removed as President of Venus Laboratories, that he began undertaking these actions under the guise of Earthy, LLC.

Now, Counter-Plaintiff requests leave to file a Second Amended Counter-Claim to allege claims against John Vlahakis in his individual capacity and to include Counter-Plaintiff's newly granted registered trademark. Since discovery has closed, and because discovery has been taken from Venus Laboratories, Earthy, LLC, and third party John Vlahakis in his individual capacity, this amendment will not require the reopening of discovery or unduly prejudice Plaintiff or third party John Vlahakis. Consequently, Counter-Plaintiff requests that the Court grant its Motion for Leave to File Second Amended Counter-Claim. See Exhibit H, Second Amended Answer and Counter-Claim.

## II.    FACTS

Counter-Plaintiff BB&HC, LLC ("Tamarack Holdings") is a limited liability company organized under the laws of the State of Michigan with principal place of business in Traverse City, Michigan. Counter-Plaintiff is the parent company to several food production, processing, retail, and distribution-related business, including Earthy Delights, Inc. ("Earthy Delights"),

which is a corporation organized under the law of the State of Michigan with its principal place of business in Okemos, Michigan. Counter-Plaintiff is the owner of two registered trademarks for EARTHY DELIGHTS for use in association with gourmet food items, namely specialty vinegars (Reg. No. 2608911) and cream, edible mushrooms, dried lentils, edible oils, processed peppers, processed tomatoes, cinnamon, rice, saffron, spices, vanilla beans, vinegar, fresh almonds, fresh asparagus, fresh beans, fresh chestnuts, fresh garlic, fresh leeks, fresh mushrooms, fresh potatoes, and fresh truffles (Reg. No. 5149590). See **Exhibit A**, EARTHY DELIGHTS trademark registrations. Counter-Plaintiff has also used EARTHY DELIGHTS for over thirty years in association with its wholesale food distribution services and for over twenty-one years in association with the sale and offering for sale of food products through its of e-commerce store located at <earthy.com>. Brannock Aff., ECF No. 19-2.

John Vlahakis ("Vlahakis") is an individual resident of the State of Illinois with his principal residence in Winnetka, Illinois. See **Exhibit B**, Vlahakis Dep. 7:22-24-8:1-2. Vlahakis has testified that he is the sole owner and investor in Counter-Defendant Earthy, LLC. See **Exhibit B**, Vlahakis Dep. 13:15-19-37:9-17. Prior to forming Earthy, LLC, Vlahakis was employed by Venus Laboratories, Inc. ("Venus Laboratories"), a manufacturer and retailer of environmentally friendly cleaning products that, before his death, was owned by Vlahakis' father. See **Exhibit B**, Vlahakis Dep. 14:17-24-15:1-24-16:1-24-17:1-3-105:4-7. Starting in 1979, Vlahakis served in sales at Venus Laboratories, eventually becoming the Vice President of Sales in approximately 1984. See **Exhibit B**, Vlahakis Dep. 15:9-19. Vlahakis became President of Venus Laboratories in 1993, a role in which he has testified he was responsible for developing products, marketing, sales, finance, procurement, and public relations. See **Exhibit B**, Vlahakis Dep. 16:17-23.

Vlahakis formed Counter-Defendant Earthy, LLC in 2010 so that he could receive an ISBN number to publish his book, *Green Bites: Ecological Musings from the Front*, which was ultimately published by the new age vanity press New Leaf Distributing. See **Exhibit B**, Vlahakis Dep. 26:3-11. Between 2010 and 2013, Vlahakis sold cleaning products bearing the asserted EARTHY trademark through his father's company, Venus Laboratories, not through Earthy, LLC. See **Exhibit B**, Vlahakis Dep. 85:24-86:1-21. Vlahakis testified that he created the Earthy line of cleaning products while employed by Venus Laboratories as a high-cost product line to compliment Venus' existing lower priced product lines. See **Exhibit B**, Vlahakis Dep. 27:8-23. Vlahakis has testified that he created the Earthy line of cleaning products "to find a place that [he could] exist within the family but separated." See **Exhibit B**, Vlahakis Dep. 28:17-21.

In October of 2014, Vlahakis was forcibly removed as President of Venus Laboratories by the board of directors of that company. See **Exhibit B**, Vlahakis Dep. 21:14-19. Though Vlahakis asserts that he was removed because he made a records demand, public filings by Venus Laboratories assert that Vlahakis was removed from the company because he "attempted to shop the Company to third party buyers after being told that the Company was not for sale" and attempted to misappropriate the asserted Earthy product line, the Earthy trademark, and the "efforts and expenditures of Venus for his own personal gain." *Venus Laboratories v. Vlahakis et al.*, Case No. 1:15-cv-01617, Doc. 1 (N.D. Ill. Feb. 23, 2015). Venus Laboratories filed a trademark infringement lawsuit against Vlahakis and Plaintiff Earthy, LLC in February of 2015 in the Northern District of Illinois, which asserted that Vlahakis was liable for the misappropriation of the asserted EARTHY trademark. On March 5, 2015, Hon. John Robert Blakely found that Vlahakis had produced no evidence that Earthy, LLC had ever used the

4

asserted EARTHY trademark and granted a temporary restraining order in favor of Venus Laboratories. See *Venus Laboratories v. Vlahakis et al.*, Case No. 1:15-cv-01617, Doc. 26 (N.D. Ill. March 5, 2015). The parties ultimately settled this case and the asserted EARTHY trademark was transferred to Earthy, LLC.

Prior to selling cleaning products under the asserted EARTHY trademark, Vlahakis has testified that he retained counsel to perform a trademark search. See **Exhibit B**, Vlahakis Dep. 38:11-24-39:1-18. Vlahakis, however, used Venus Laboratories' counsel to perform this search—he did not hire independent counsel, nor did he hire counsel through Earthy, LLC. See **Exhibit C**, Oct. 2013 Thompson Colburn invoice. In June of 2012, Vlahakis registered the <earthy.me> domain name in his personal name. See **Exhibit D**, <earthy.me> WHOIS record. The <earthy.me> domain name is, to this day, still registered in his personal name. See **Exhibit E**, <earthy.me> current WHOIS. Vlahakis testified that, at the time he registered <earthy.me>, he visited Defendant's website located at <earthy.com>. Vlahakis Dep. 55:24-56:1-15. While creating a price list for Earthy-related products while at Venus Laboratories, Venus' art director, Dennis Murray was confused into believing that Vlahakis' website was Defendant's <earthy.com>. See **Exhibit F**, Jan. 30, 2014 email from Murray. Vlahakis instructed him to change the website to <earthy.me>. See **Exhibit F**, Jan. 30, 2014 email from Murray. In fact, one of Vlahakis' first customers was confused into visiting Defendant's <earthy.com> instead of <earthy.me> and wisely instructed Vlahakis that, to get to <earthy.me> instead of <earthy.com>, "[p]eople are going to have to be pretty determined." See **Exhibit G**, Mar. 22, 2014 email from Stern.

Vlahakis has testified that he is the sole investor in Earthy, LLC. See **Exhibit B**, Vlahakis Dep. 37:9-17. To date, Vlahakis estimates that he has invested $700,000 in the company. See

**Exhibit B**, Vlahakis Dep. 34:23-24-35:1-10. Initially, Vlahakis made a capital contribution of $350,000. See **Exhibit B**, Vlahakis Dep. 35:1-30. Later, he provided an additional $200,000 in the form of a promissory note to fund daily operations. See **Exhibit B**, Vlahakis Dep. 36:21-24-37:1-8. And, in November of 2016, Vlahakis testified that he again contributed $118,540.34. See **Exhibit B**, Vlahakis Dep. 91:1-22.

Though Vlahakis has testified that Earthy, LLC only made $321,483 in sales and $89,408 in gross revenue in 2016, Vlahakis has testified that he spent $101,580.82 on trade shows and $53,660 on travel in that same year. See **Exhibit B**, Vlahakis Dep. 78:2-24-79:22-24-80:1-5. He has also testified that he spent $101,090.34 on providing free or discounted product to retailers and $105,568.80 in legal expenses. See **Exhibit B**, Vlahakis Dep. 81:5-12-84:20-24-85:1-17. And, at the time of Earthy, LLC's deposition, Vlahakis testified that the company's credit card maintained a $77,504 balance. See **Exhibit B**, Vlahakis Dep. 89:7-24-90:1-5. As of February 16, 2016, Vlahakis has testified that Earthy, LLC's bank balance showed a negative $95.02. See **Exhibit B**, Vlahakis Dep. 88:10-16.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), "The court should freely give leave [to amend] when justice so requires." *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded"). Leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *Feldman v. American Mem. Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)).

6

Where an amendment to a party in his individual capacity does not "inject radically new issues or witnesses into the case," however, leave to amend will be granted. *DeLuca v. Winer Indus.*, Inc., 857 F. Supp. 606, 608 (N.D. Ill. 1994).

## IV. ARGUMENT

Counter-Plaintiff requests that the Court grant it leave to amend to assert claims against John Vlahakis in his individual capacity because he has personally participated in the manufacture and sale of the infringing goods and because he has used Earthy, LLC as his personal piggy bank to carry out his own willful and deliberate infringement. Counter-Plaintiff also requests that the Court grant it leave to amend to include its recently registered trademark for EARTHY DELIGHTS (Reg. No. 5149590), which is registered for use in association with the goods at issue in this case. Finally, Counter-Plaintiff asserts that these proposed amendments will not prejudice Counter-Defendant and will not require the reopening of discovery and, therefore, amendment is proper.

### a. Counter-Plaintiff should be granted leave to amend to assert claims against John Vlahakis in his individual capacity.

Counter-Plaintiff should be granted leave to amend to assert claims against third party John Vlahakis in his individual capacity because Vlahakis has personally participated in the manufacture and sale of the infringing goods and has used Earthy, LLC as an instrument to carry out his own willful and deliberate infringement. As a general rule, corporate officers are not held personally liable for infringement by their corporation when they are acting within the scope of their duties. *See Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926). A plaintiff seeking to hold an officer personally liable must make a "special showing" that the officer acted "willfully and knowingly," such as by "personally participat[ing] in the manufacture or sale of

7

the infringing article (acts other than as an officer)" or by "[using] the corporation as an instrument to carry out his own willful and deliberate infringements." *Drink Group, Inc. v. Gulfstream Communications, Inc.*, 7 F. Supp. 2d 1009, 1010 (N.D. Ill. 1998) (*citing Dangler*, 11 F.2d at 947). Courts that have found that the "special showing" standard has been met have done so "where the individual defendant is either an officer or the sole owner of the infringing entity." *Desmond v. Chicago Boxed Beef Distributors, Inc.*, 921 F. Supp. 2d 872, 886 (N.D. Ill. 2013).

Here, Vlahakis created the asserted EARTHY trademark while he was employed by Venus Laboratories. Vlahakis Dep. 27:8-23. Prior to using the EARTHY trademark, Vlahakis used Venus Laboratories' counsel to perform a trademark search. See **Exhibit C**, Oct. 2013 Thompson Colburn invoice. Between 2010 and 2013, he sold goods bearing the asserted EARTHY trademark through Venus Laboratories, not through Earthy, LLC. See **Exhibit B**, Vlahakis Dep. 85:24-86:1-21. He continued to sell goods under the EARTHY trademark through Venus Laboratories until November of 2015. See **Exhibit B**, Vlahakis Dep. 85: 23-24-86:1-9. Vlahakis then moved the sale of EARTHY-branded products to Earthy, LLC after the lawsuit over his ownership of that trademark was settled.

Vlahakis has used the Earthy, LLC business entity as his personal piggy bank and expense vehicle. He estimates that he has invested $700,000 over the life of the company. See **Exhibit B**, Vlahakis Dep. 34:23-24-35:1-10. Though Earthy, LLC only made $321,483 in sales and $89,408 in gross revenue in 2016 (sales less cost of goods sold), Vlahakis used that entity to book expenses far in excess of its gross revenue. See **Exhibit B**, Vlahakis Dep. 78:2-24-79:22-24-80:1-5-81:5-12-84:20-24-85:1-17-89:7-24-90:1-5. These expenses include $105,568 spent in attorneys' fees in 2016. See **Exhibit B**, Vlahakis Dep. 81:5-10.

Vlahakis registered the <earthy.me> in his personal name. See **Exhibit D**, <earthy.me> WHOIS record. To this day, he continues to hold and use the <earthy.me> domain name in his personal capacity. See **Exhibit D**, <earthy.me> current WHOIS. Vlahakis testified that he had knowledge of Defendant's <earthy.com> domain name at the time he registered <earthy.me>. See **Exhibit B**, Vlahakis Dep. 55:24-56:1-15. Though a customer notified Vlahakis that consumers would be confused and inappropriately redirected to Defendant's <earthy.com>, Vlahakis ignored this risk and continued to use <earthy.me> with full knowledge of Defendant's rights. See **Exhibit G**, Mar. 22, 2014 email from Stern.

These facts make clear that Vlahakis acted willfully and knowingly and personally participated in the sale of the infringing article. Vlahakis readily admits that he is the driving force behind the infringement alleged by Counter-Plaintiff and that he is the sole member of Earthy, LLC. For these reasons, Defendant's Motion should be granted.

### b. Counter-Plaintiff should be granted leave to amend to include its recently registered trademark for EARTHY DELIGHTS (Reg. No. 5149590).

Counter-Plaintiff should also be granted leave to amend to include its registered trademark for EARTHY DELIGHTS, which is registered for use in association with cream, edible mushrooms, dried lentils, edible oils, processed peppers, processed tomatoes, cinnamon, rice, saffron, spices, vanilla beans, vinegar, fresh almonds, fresh asparagus, fresh beans, fresh chestnuts, fresh garlic, fresh leeks, fresh mushrooms, fresh potatoes, and fresh truffles. Counter-Plaintiff filed its application for registration on April 29, 2016. Though Counter-Defendant attempted to extend the time to oppose Counter-Plaintiff's trademark registration, this request for an extension was denied on January 4, 2017. The United States Patent and Trademark Office, therefore, granted Counter-Plaintiff registration of its mark on February 28, 2017. See **Exhibit**

9

**A**, EARTHY DELIGHTS trademark registrations. And this mark covers the very same class of goods and services at issue in this case. Therefore, Counter-Plaintiff's Motion should be granted.

### c. Defendant's proposed amendments will not prejudice Plaintiff.

Counter-Defendant will assert that Counter-Plaintiff's proposed amendments will cause undue prejudice and require the reopening of discovery. Counter-Defendant, however, has had a full and fair opportunity to conduct discovery. Vlahakis' defenses are identical to Counter-Defendant's defenses and no further discovery will provide Vlahakis with any different result. All of the evidence of Vlahakis' wrongdoing is in the possession of Counter-Defendant.

Moreover, any asserted delay in adding Vlahakis as a party is due to Counter-Defendant's own misdeeds. Counter-Plaintiff served its First Requests for Admissions, First Interrogatories, and First Requests for Production of Documents on Counter-Defendant on June 29, 2016. Responses to these requests were due, by stipulation of the parties, on August 8, 2016. Counter-Defendant did not provide a single piece of correspondence until March 29, 2017, or seven months and twenty-one days after the due date and after the filing of three motions to compel covering the same information. Due to Counter-Defendant's consistent efforts to impede discovery in this case, Counter-Plaintiff could not have timely requested amendment as of right. Consequently, Counter-Plaintiff's Motion must be granted.

### V. CONCLUSION

For the foregoing reasons, Counter-Plaintiff's Motion for Leave to File Second Amended Counter-Claim should be granted a Counter-Plaintiff should be granted leave to file the attached Second Amended Counter-Claim.

Dated: April 27, 2017 /s/ John Di Giacomo
John Di Giacomo
Revision Legal, PLLC
109 E. Front St.
Suite 309
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
Email: john@revisionlegal.com
*Attorneys for Defendant BB&HC, LLC*

11

**CERTIFICATE OF SERVICE**

  I hereby certify that, on April 27, 2017, I electronically filed the foregoing Motion for Leave to File Second Amended Counter-Claim using the ECF system, which will send notification of such filing to the following:

Bernard A. Henry
Rieck and Crotty, P.C.
55 West Monroe Street, Suite 3625
Chicago, Illinois 60603

              */s/ John Di Giacomo*
              John Di Giacomo
              Revision Legal, PLC
              109 E. Front St.
              Suite 309
              Traverse City, MI 49684
              (231) 714-0100
              john@revisionlegal.com