IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| Earthy, LLC | ) | |
|---|---|---|
| | ) | Civil Action No. 1:16-cv-04934 |
| Plaintiff, | ) | |
| v. | ) | |
| BB&HC, LLC, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE**

**SECOND AMENDED COUNTER-CLAIM**

Plaintiff, Earthy, LLC, by and through its attorneys, as its Response in Opposition to Counter-Plaintiff's Motion For Leave to File Second Amended Counter-Claim ("Motion"), states as follows.

**I.     General Response**

The Court should deny Counter-Plaintiff leave to file its Second Amended Counter-Claim. Counter-Plaintiff's proposed pleading attempts to add an additional party defendant, John Vlahakis, ("Mr. Vlahakis"). The Court should deny Counter-Plaintiff's leave because the joinder of a third-party defendant after the close of discovery would prejudice the Plaintiff and the Third Party Defendant. Defendant's Motion alleges, *inter alia*, that 1) Mr. Vlahakis, as an officer of Plaintiff, personally directed and participated in the alleged infringement, and 2) Mr. Vlahakis infringed in his individual capacity. Motion, ¶1, 2. Counter-Plaintiff's Motion is harassing and will result in significant prejudice to Counter-Defendant, as well as Mr. Vlahakis and the Court. Counter-Plaintiff alleges that it only discovered Mr. Vlahakis' identity during the 30(b)(6) deposition where Mr. Vlahakis was tendered as Counter-Defendant's designee. However, Counter-Plaintiff's argument is merely another example of the inconsistency of the

positions taken by the Counter-Plaintiff in this litigation in order to attempt to gain a procedural advantage. This Court should reject Counter-Plaintiff's attempt at sharp practice and deny the prejudicial and bad faith motion for 11th-hour amendment.

## II. Statement of Law

Although leave to amend shall be freely given when justice so requires, Fed.R.Civ.P. 15(a), leave is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Villa v. City of Chicago,* 924 F.2d 629, 632 (7th Cir. 1991). While "delay alone is an insufficient reason to deny [a] proposed amendment, there is a 'sufficient basis for denial of leave to amend. . . when the delay has caused the opposing party undue prejudice.'" *Chavez v. Illinois State Police,* 251 F.3d 612, 633 (7th Cir. 2001) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.,* 711 F.2d 1387, 1391 (7th Cir. 1983)). "Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp. v. Computer Systems Solutions, Inc.,* 188 F.R.D. 280, 283 (N.D. Ill. 1999) (quoting *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.,* 68 F.R.D. 383, 385 (N.D. Ill. 1975)). Precedent states that it is "within a district court's discretion to deny an amendment to the pleadings for delay and prejudice to the opposing party." *Fort Howard Paper Co. v. Standard Havens. Inc.,* 901 F.2d 1373, 1379 (7th Cir. 1990); *accord, e.g., Hindo v. University of Health Sciences/The Chicago Medical School,* 65 F.3d 608, 615 (7th Cir. 1995).

III.   ARGUMENT

   A. Counter-Plaintiff's Allegations Insert New Factual Elements into the Litigation.

Counter-Plaintiff's memorandum acknowledges that a plaintiff seeking to hold an officer of a corporation personally liable must make a "special showing" that the officer acted "willfully and knowingly." Counter-Plaintiff's Memorandum, p. 7. ECF #93-1. The Seventh Circuit continues to apply the rule of *Dangler v. Imperial Machine Co.*, 11 F.2d 945, 946-948 (7th Cir. 1926): "This court has heretofore taken the position first announced, namely, that the officers are not liable unless they act outside the scope of their official duties…It is when the officer acts willfully and knowingly -- that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability -- that officers are held jointly with the company."

In *Panther Pumps & Equipment Co. v. Hydrocraft, Inc.*, 468 F.2d 225, 233 (7th Cir. 1972) the Seventh Circuit applied *Dangler*, in reversing a judgment against the corporate officers without the requisite special showing. Counter-Plaintiff, however, mistakenly cite to *Desmond v. Chi. Boxed Beef Distribs*, 921 F. Supp. 2d 872, 886 (N.D. Ill. 2013), for the proposition that being a sole shareholder is sufficient to meet the special showing burden. In fact, the Court in *Desmond*, cites to *Peacable Planet Inc. v. Tyler,* where the Seventh Circuit made clear that the "special showing" requirement was not excused in the case of a sole shareholder: "As a detail, we note the superficial oddity of Peaceable Planet's naming Ty Warner as a defendant along with Ty Inc. He is, it is true, the sole owner of Ty Inc., but unless a

shareholder--sole, controlling, or otherwise--is shown to have been personally involved in the commission of the tort by his corporation, he is not jointly liable for the tort." *Peaceable Planet, Inc. v. Ty, Inc.,* 362 F.3d 986, 994 (7th Cir. 2004).

Consequently, the allegation of whether Mr. Vlahakis as an individual can be held liable for the infringement alleged but denied by Defendants, raises new legal and factual issues, to wit: whether Vlahakis participated willfully and knowingly in the infringement. Counter-Plaintiff argues, "Vlahakis' defenses are identical to Counter-Defendant's defenses, and no further discovery will provide Vlahakis with any different result." Memorandum, p. 10, ECF # 93-1. But, it is not for the plaintiff to dictate what defenses a party may raise against its allegations. Adding Mr. Vlahakis as a party defendant after the close of discovery is prejudicial and grounds for the Court.

Counter-Defendants also attempt to amend their Complaint to include a new trademark registration, 5149590. Such new allegation of a registered trademark materially changes the case and should also be denied. Courts in this District have denied leave to add claims of trademark infringement where there party waits until the close of discovery to amend its complaint:

> In addition, allowing Morningware to add a new claim for relief at this late stage will prejudice Hearthware and will delay timely resolution of this case. Morningware argues that its unfair competition claim under 15 U.S.C. § 1125(a) and its proposed trademark infringement claims under 15 U.S.C. § 1114 are "based on the same facts, namely Hearthware's purchase and use of the Morningware name as keywords for search engines," and therefore adding a claim for trademark infringement "should not" require additional discovery. Morningware's argument, however, fails to address Hearthware's concern that it would need to conduct additional discovery as to its defenses in light of the addition presumptions and protections that federal registration gives the Morningware trademark. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001) (citing *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 936 (7th Cir. 1986) ("Once a mark is registered, the [Lanham] Act affords a plaintiff one of two presumptions: (1) that her registered trademark is not merely descriptive or generic; or (2) that if descriptive, the mark is accorded

secondary meaning." *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001) (citing *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 936 (7th Cir. 1986).) Although Hearthware did not list witnesses it would need to depose or specific documents it would need to examine, it would be entitled to, at a minimum, discovery as to the circumstances of Morningware's trademark registration, including but not limited to the registration application and the validity of the registration. *See, e.g.*, 15 U.S.C. 1064(3) (a registered trademark may be cancelled on the ground that "its registration was obtained fraudulently"). *Morningware, Inc. v. Hearthware Home Prods.*, No. 09 C 4348, 2011 U.S. Dist. LEXIS 126117, at *9 (N.D. Ill. Nov. 1, 2011)

Like *Morningware*, here the Counter-Plaintiff has waited until after the close of discovery to amend it complaint to substitute the very mark at issue in the litigation. The Court should reject such conduct and leave to amend should be denied.

### B. Counter-Plaintiff's Delay Causes Undue Prejudice.

Counter-Defendant's Motion to amend its Complaint was strategically filed by the Defendants after the close of discovery in order to prejudice the rights of Mr. Vlahakis to participate meaningfully in discovery. The prejudice in forcing a party to defend an action where the party was added after the close of discovery of well stated in the case of *Kessel v. Cook County*, No. 00 C 3980, 2002 U.S. Dist. LEXIS 9030, at *22-24 (N.D. Ill. May 20, 2002). In *Kessel,*, the court noted the inherent prejudice to newly-added parties because such parties enter the case without having had an opportunity to participate in, or to shape, the prior discovery: "They are required to try to make up for lost time by rapidly assimilating the often-substantial amount of discovery material that has been generated prior to their entry into the case. As for the existing parties, they suffer the prejudice of delay that likely will follow upon the entry of new parties to the case." *Kessel v. Cook County*, No. 00 C 3980, 2002 U.S. Dist. LEXIS 9030, at 22-24 (N.D. Ill. May 20, 2002).

Indeed, Federal Rule of Civil Procedure 32(a), provides that depositions taken in a case "may [only] be used against any party who was present or represented at the taking of

the deposition or who had reasonable notice thereof [and declined to attend]." Thus, when new parties are added to the case, the depositions previously taken may not ordinarily be used against them as depositions. *See, e.g., Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966 (9th Cir. 1981) (depositions taken prior to the joinder of a party in a lawsuit could not be used as depositions against that party on a summary judgment motion).

In *Atchinson v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 426-27 (D.C. Cir. 1996), the court rejected a motion for leave to amend to name a defendant, already being sued in his official capacity, to be named in this individual capacity as well. Like *Atchinson*, the fact that Mr. Vlahakis was aware of the litigation and participated at least as a witness is not the same as participating as a party against whom liability is directly alleged. See also *Lichtenstein v. Kidder, Peabody & Co., Inc.*, 777 F. Supp. 423, 427 (W.D. Pa. 1991) ("it would be unduly prejudicial to require Mr. Chuang, who has not participated in discovery, to attempt now to formulate a defense to the plaintiff's allegations, particularly when discovery has already closed").

The prejudice to a party and to the Court by the late amendment of a party is well documented. In this case, Counter-Plaintiff's motivation is suspect. As Mr. Vlahakis' ownership of the Counter-Defendant is a matter of public record, Plaintiff has had access to the public filings of the prior litigation between Mr. Vlahakis and his siblings relating to his former company. Indeed, Counter-Plaintiff sought third-party discovery from Mr. Vlahakis relating to his litigation and personal tax records. Yet, Counter-Plaintiff delayed until after the close of fact discovery to file a motion to add Mr. Vlahakis as a party. Such delay was intended to inflict as significant a prejudice as possible to the Defendant, Mr. Vlahakis, and should be denied. Therefore, if the Court were to grant Mr. Vlahakis' post-discovery joinder, Counter-Defendants'

would be permitted to take discovery from Mr. Vlahakis through subpoena and Rule 30(b)(6), but prohibit him from participating directly in the discovery process of this case. Such result demonstrates prejudice requiring the denial of this motion.

### C. Counter-Defendant's Delay In Bringing the Motion is Not Justified.

Counter-Plaintiff argues in its Motion that Subsequent to the 30(b)(6) depositions of Earthy, LLC's designee, Mr. Vlahakis, that it has become clear that Mr. Vlahakis "is the sole owner, officer, and financier of Earthy, LLC and personally directed and participated in the infringing activity alleged in Counter-Plaintiff's Counter-Claim." Counter-Plaintiff argues that its delay in brining such allegations was "due to Counter-Defendant's own misdeeds" arguing, that Counter-Defendant did not produce communication until March 29, 2017. Counter-Plaintiff omits material information from the Court. The parties had a discovery dispute resolved through meet and confer arising from Counter-Plaintiff having provided opportunity for inspection of records at Plaintiff's headquarters but, Counter-Defendants' counsel chose not to avail himself of such opportunity to review the available records. After later conferring, Counter-Defendant subsequently agreed to produce electronic copies of email records. Nevertheless, Counter-Defendants do not cite to a single example from such March 29, 2017, production, which would give rise to its new theory against Mr. Vlahakis, individually.

To the contrary, Counter-Defendants were in possession of much of the information, which forms the basis of their allegations against Mr. Vlahakis for months before the close of discovery in this case. Further, Plaintiff makes no showing on why it delayed in bringing its amended allegations concerning its subsequent trademark registrations.

WHEREFORE, Plaintiff, Earthy, LLC, respectfully requests that this Honorable Court deny Counter- Plaintiff's Motion for Leave to File Second Amended Counter-Claim and that this Court enters such necessary and further relief as justice may require.

Respectfully submitted,

Earthy, LLC, Plaintiff

Dated: June 5, 2017,

/s/ Bernard A. Henry
One of its attorneys

Bernard A. Henry
Rieck and Crotty, P.C.
55 West Monroe Street, Suite 3625
Chicago, IL 60603
(312) 726-4646
bhenry@rieckcrotty.com
Attorney for Plaintiff Earthy, LLC

CERTIFICATE OF SERVICE

I, Bernard A. Henry hereby certify the foregoing document was served upon the following counsel of record via delivery through CM/ECF Service of the United States District Court for the Northern District of Illinois on this 5TH day of June 2017.

John Di Giacomo
Eric William Misterovich
REVISION LEGAL, PLLC
109 E. Front St., Ste. 309
Traverse City, MI 49684
Email: john@revisionlegal.com: eric@revisionlegal.com

Robert F. Huff, Jr.
ZWILLGEN PLLC
300 N. LaSalle Street, Suite 4925 Chicago, IL 60654
Email: bart@zwillgen.com

                                                /s/ Bernard A. Henry