# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EARTHY, LLC, | ) | |
| | ) | No. 16 CV 4934 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| BB&HC, LLC, | ) | |
| | ) | October 10, 2017 |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

On June 8, 2017, the court granted Defendant BB&HC, LLC, leave to add John Vlahakis as a counter-defendant in its counterclaim against Plaintiff Earthy, LLC. The court also granted Vlahakis, who was not previously a party to this suit, the opportunity to conduct discovery. On August 1, 2017, Vlahakis served a notice of deposition on BB&HC requesting that it produce John T. Hoagland, one of its members, to be deposed pursuant to Federal Rule of Civil Procedure 30(b)(1). BB&HC refused to produce Hoagland, and on August 7, 2017, Plaintiff Earthy and Vlahakis (together, "Counter-Defendants") served Hoagland with a subpoena for his deposition and documents. On August 11, 2017, BB&HC filed a motion to quash the Hoagland subpoena, which is currently before the court. For the following reasons, the motion is granted:

## Background

BB&HC is a parent company to several food product, processing, retail, and distribution-related businesses, including Earthy Delights, Inc. ("Earthy Delights").

(R. 122-1, Hoagland's Mem. at 3.) According to BB&HC, it owns two registered trademarks for "Earthy Delights" which Earthy Delights has used as its company name for over 30 years in the business of wholesale food distribution. (Id.) BB&HC contends in its counterclaim that Plaintiff Earthy's adoption and use of two trademarks, "Earthy" and "Earthy Organic," are confusingly similar to its registered trademarks. (Id. at 1.) Meanwhile, Plaintiff Earthy is seeking a declaratory judgment that: (1) any alleged trademark rights asserted by BB&HC are invalid and unenforceable; (2) Plaintiff Earthy and its marks do not infringe any valid trademark rights owned by BB&HC; and (3) BB&HC does not have the right to exclude others from using "Earthy Delights" on foods. (R. 39, First Am. Compl. at 10.)

In April 2017, just before discovery was scheduled to close, BB&HC moved the court for leave to add Vlahakis, the sole owner of Plaintiff Earthy, as a counter-defendant in this suit. (R. 122-1, Hoagland's Mem. at 4-5; see also R. 95.) The court granted BB&HC's motion on June 8, 2017, and also granted Vlahakis the opportunity to conduct discovery until September 1, 2017. (R. 103.) On August 1, 2017, Vlahakis served a notice of deposition on Hoagland as a member of BB&HC and one of the original incorporators of Earthy Delights. (Id.; R. 125, Counter-Defs.' Opp. at 2.) BB&HC refused to produce Hoagland pursuant to the notice, so Counter-Defendants issued a subpoena to Hoagland on August 7, 2017. (R. 122-1, Hoagland's Mem. at 5.)

Before BB&HC acquired Earthy Delights, Hoagland's trust acquired Earthy Delights' outstanding shares. (R. 122-1, Hoagland's Mem. at 8.) BB&HC was created to hold the businesses acquired by Hoagland's trust, which led to BB&HC's acquisition of Earthy Delights. (Id.) In March 2016, Earthy Delights transferred its trademark rights to BB&HC in an agreement executed by Hoagland and then-CEO of BB&HC, Jason Gollan. (Id.; R. 126, Hoagland's Reply at 2.) Gollan was succeeded by Greg Young, who is BB&HC's current manager. (Id.) Earthy Delights is currently managed by Todd Brannock. (Id.)

## Analysis

The procedure governing the issuance of subpoenas is set forth in Federal Rule of Civil Procedure 45. *Ott v. City of Milwaukee*, 682 F.3d 552, 556 (7th Cir. 2012). Rule 45(d)(3)(A) provides that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. *See Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012). Whether to quash a subpoena is a matter within the court's discretion. *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

### A. Managing Agent

The court begins its analysis by considering whether Hoagland is a managing agent as Counter-Defendants allege, or a non-party to whom this court owes a greater duty of protection. *See Patterson v. Burge*, No. 03 CV 4433, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005). Rule 30(b)(1) provides that a party is entitled to notice

3

a corporation's managing agent for deposition. *Playboy Enterprises Intern., Inc. v. Samaritan (Singapore) Pte. Ltd.*, No. 10 CV 4811, 2011 WL 5529928, at *1 (N.D. Ill. Nov. 17, 2011). In determining whether an individual is a managing agent, the court looks to five factors: "(1) whether the individual has general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether he can be relied on to testify, at the corporation's request, in response to the discovery proponent's demands; (3) whether there are any other employees who have more authority than the individual in regard to information concerning the subject matter at issue in the case; (4) his general responsibilities respecting the matters involved in this litigation; and (5) whether he can be expected to identify with the interests" of the organization. *Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 476 (N.D. Ill. 2007). The term "managing agent" has generally been held to include those present employees with authority and control over the day-to-day business decisions of the corporation. *Vision Center Northwest Inc. v. Vision Value LLC*, No. 3:07-CV-183 RLM, 2008 WL 4276240, at *3 (N.D. Ind. Sept. 15, 2008).

Here, Hoagland's minimal role in the day-to-day operations of BB&HC leads this court to find that he is not a managing agent. BB&HC was created to consolidate the businesses owned by Hoagland's trust. (R. 122-1, Hoagland's Mem. at 8.) However, from its inception BB&HC has been managed by someone other than Hoagland even though he is a member. BB&HC was first managed by Gollan, and it is now managed by his successor, Young. (R. 126, Hoagland's Reply at 2.) Hoagland's declaration states that he does not have knowledge of, nor does he

4

participate in, the day-to-day operations of BB&HC or Earthy Delights. (R. 122-2, Hoagland's Decl. ¶¶ 5, 8, 16.) Both Hoagland's and Young's declarations state that Young is the current manager of BB&HC. (Id. ¶¶ 11-12; R. 122-3, Young's Decl. ¶¶ 3-4.) Young's declaration also states that the employees of Earthy Delights and other BB&HC-owned companies report to him, not Hoagland. (R. 122-3, Young's Decl. ¶ 4.)

Counter-Defendants argue that BB&HC is a member-managed LLC under the Michigan Limited Liability Company Act ("Act") and that as the sole member of the LLC, Hoagland is a managing agent as a matter of law. (R. 125, Counter-Defs.' Opp. at 6.) As an initial matter, Counter-Defendants cite no authority showing that a "manager" under the Act is equivalent to a "managing agent" for Rule 30 purposes. But even if they did, they overlook the fact that under the Act, LLCs "shall be managed by [its] members" only where no other manager is appointed. *See* Mich. Comp. Laws Serv. §§ 450.4401-2, 450.4406. As noted above, the evidence shows that Young and Gollan have acted as the current and predecessor managers of BB&HC, and Counter-Defendants have submitted no evidence to dispute that. (See R. 126, Hoagland's Reply at 2.) Accordingly, the court finds little merit in Counter-Defendants' argument that Hoagland is a managing agent as a matter of law under the Act.

Counter-Defendants go on to argue that Hoagland has day-to-day responsibilities that involve the trademark at issue in this litigation. (R. 125, Counter-Defs.' Opp. at 8.) Their argument centers around the fact that Hoagland

executed a trademark assignment agreement between Earthy Delights and BB&HC. (See id.) However, this agreement was also co-signed by Gollan, BB&HC's manager at the time. (R. 126, Hoagland's Reply at 2.) Furthermore, Counter-Defendants do not adequately explain why merely signing an assignment agreement establishes that Hoagland participates in day-to-day operations and the decision-making surrounding the trademark at issue. Similarly, the fact that Brannock referred to Hoagland's possible knowledge of entities unrelated to Earthy Delights, that Hoagland sits "atop [BB&HC's] organization chart," and that generic descriptions on BB&HC's website refer to his role in "long-term planning," provide only meager support for Counter-Defendants' argument. (See R. 125, Counter-Defs.' Opp. at 9.) Courts typically require more direct involvement with a company's day-to-day operation or the decisions at issue in the case before finding that a party is a managing agent. *See, e.g., Vision Center*, 2008 WL 4276240, at *3 (evidence showed member of LLC picked the name for the trademark at issue and had "an influential role in coordinating the opening of new stores and assisting with staffing decisions"). Here, Counter-Defendants have not submitted evidence raising the inference that Hoagland is anything more than a passive investor. Therefore, the court finds that Hoagland is not a managing agent of BB&HC, and as such is not a party to the case.

**B.    Undue Burden**

Having found that Hoagland is a non-party, the court next determines whether the subpoena at issue imposes an undue burden on Hoagland. In making

that determination, the court considers a number of factors including the subpoenaed "person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed" by the subpoena on the non-party. *Last Atlantis Capital, LLC v. AGS Specialist Partners*, Nos. 04 CV 397, 05 CV 5600, & 05 CV 5671, 2013 WL 182792, at 1* (N.D. Ill. Jan. 17, 2013). Furthermore, pursuant to Rule 26(b)(2)(c), a court can limit discovery where it determines that: (1) "the discovery sought is unreasonably cumulative or duplicative;" (2) discovery can be obtained from another "source that is more convenient, less burdensome, or less expensive;" or (3) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Under Rule 26(b)(1), the court can limit the scope of discovery where the burden of discovery outweighs its likely benefit.

The court finds that the subpoena imposes an undue burden on Hoagland for a number of reasons, in addition to his non-party status. First, some of the document requests accompanying the subpoena are too broad. Discovery requests are considered overbroad where they are not reasonably calculated to lead to the discovery of admissible evidence. *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006). More specifically, discovery requests have been found to be overly broad where they encompass an unlimited range of information. *Id.* Such is the case here. Request A, for example, seeks all communications, documents, and electronically stored information "between BB&HC and any Person referencing or relating to" Counter-Defendants. (R. 122-6, Ex. E at 4.) Request B asks for all

7

communications, documents, and electronically stored information "discussing, referring to, or relating to any oral communications . . . between BB&HC and any person, referencing or relating to" Counter-Defendants. (Id. at 5.) While some of the other requests are more related to the trademark at issue in the case, Requests A and B are not limited to any specific timeframe and do not target a particular subject matter. Accordingly, the subpoena requests' breadth favors a finding of undue burden.

Second, Counter-Defendants have not shown that they sought discovery using less intrusive means, such as direct discovery from BB&HC. *See Tresona Multimedia, LLC v. Legg*, No. 15 C 4834, 2015 WL 4911093, at 3* (N.D. Ill. Aug. 17, 2015); *WM High Yield*, 460 F. Supp. 2d at 896 (subpoena may pose an undue burden where the requesting party fails to show it has been unable to obtain the information from a party to the underlying litigation). Counter-Defendants claim that this burden is met because Vlahakis served Hoagland with a deposition notice before Counter-Defendants resorted to a subpoena. (R. 125, Counter-Defs.' Opp. at 11.) But this misses the point that Counter-Defendants could have sought the requested information from sources *other than* Hoagland, such as from BB&HC.

Third, a high-ranking executive should only be subpoenaed when the party seeking discovery has shown that the executive has personal knowledge of the facts at issue in the case, and such knowledge is unique and not available from other sources. *Dyson, Inc. v. Sharkninja Operating* LLC, No. 14 CV 779, 2016 WL 1613489, at 1* (N.D. Ill. April 22, 2016). Counter-Defendants claim that Hoagland

8

has unique information about the trademark at issue in this case because of his position in the company and because he signed the assignment of Earthy Delights' trademark to BB&HC. (R. 125, Counter-Defs.' Opp. at 12.) However, as discussed above, Counter-Defendants have not explained how being one of two signatories indicates Hoagland has unique information about the trademark at issue, and there is little evidence that he was ever involved in the day-to-day business activities of BB&HC. Counter-Defendants argue that they should be allowed to seek the requested information from Hoagland to fill "gaps of knowledge" from Brannock's testimony. (Id.) But the court agrees with Hoagland that Brannock's testimony that he does not "know all the interests of [Hoagland's] business" sheds no light on whether Hoagland has personal knowledge of the facts at issue in this case. (See R. 126, Hoagland's Reply at 3-4.)

Finally, Counter-Defendants contend that if the court quashes the subpoena, they should be allowed to submit the same requests from the subpoena as requests for the production of documents under Rule 34. (R. 125, Counter-Defs.' Opp. at 11.) The court disagrees. Many of the discovery principles stated above also apply to document requests. *See* Fed. R. Civ. P. 26(b)(2)(c) (stating that a court can limit discovery where the discovery is cumulative, burdensome, and the party had ample opportunity in the action to obtain discovery); Fed. R. Civ. P. 26(b)(1) (court can limit discovery where burden outweighs the benefit). The requests accompanying the subpoena would be just as overbroad and burdensome if served as Rule 34 requests for the production of documents.

## Conclusion

For the foregoing reasons, BB&HC's motion to quash the subpoena served on John T. Hoagland is granted.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**